UNITED STATES of America,
Appellant,

v.

MOUNTAIN STATES MIXED FEED
COMPANY, Joseph Pepper, Marvin
Pepper, and Freeman Pepper, Appellees.

No. 8491.

United States Court of Appeals
Tenth Circuit.

Aug. 12, 1966.

J. Edward Shillingburg, Attorney, Department of Justice (Richard M. Roberts, Acting Asst. Atty. Gen., and Lee A. Jackson and Harry Baum, Attorneys, Department of Justice, on the brief), for appellant.

Stanton D. Rosenbaum, Denver, Colo. (Louis G. Isaacson, Denver, Colo., on the brief), for appellees.

Before MURRAH, Chief Judge, SETH, Circuit Judge, and LANGLEY, District Judge.

LANGLEY, District Judge.

The United States of America has appealed from the judgment of the United States District Court for the District of Colorado holding that the corporate taxpayer herein, Mountain States Mixed Feed Company, was entitled to deduct from its income attorneys' fees incurred in the sale of assets pursuant to a plan of liquidation.

The appellee, Mountain States Mixed Feed Company, adopted on June 6, 1961, a plan of complete liquidation under 26 U.S.C. § 337 and within 12 months disposed of all of its assets by sale. The corporation's income tax return for the year 1961 took as a deduction from income attorneys' fees totalling $5,500.00 paid as expense of liquidation and dissolution. The Commissioner of Internal Revenue allowed $1,500.00 as reasonable attorneys' fees in connection with the liquidation but ruled that $4,000.00 of the fees was allocable to the cost of the sale of the assets, should be offset against the gain on the sale, and could not be deducted as an ordinary expense under 26 U.S.C. § 162. In the suit by the taxpayer to recover taxes erroneously assessed, the trial court found that the sale of the assets was made pursuant to the plan of liquidation and the legal services performed in the sale of assets were services performed in carrying out the plan of liquidation.

■ Section 337 provides that if a corporation adopts a plan of complete liquidation on or after June 22, 1954, and within the 12-month period beginning on the date of the adoption of such plan all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period. Thus the statute is explicit in making no distinction between distribution of corporate assets in kind and sale of the assets for distribution of the proceeds. The question of gain or loss on the sale therefore is to be ignored by the Internal Revenue Service.

■ It is well established that attorneys' fees and other expenses incurred in connection with a corporation's complete liquidation and dissolution are deductible. Pridemark, Inc. v. Commissioner of Internal Revenue, 4 Cir., 345 F.2d 35, 45. Gravois Planing Mill Company v. Commissioner of Internal Revenue, 8 Cir., 299 F.2d 199, Pacific Coast Biscuit Company v. Commissioner of Internal Revenue, 32 B.T.A. 39, 42–43, Commissioner of Internal Revenue v. Wayne Coal Mining Company, 3 Cir., 209 F.2d 152; United States v. Arcade Company, 6 Cir., 203 F.2d 230, 235–236. The theory most frequently advanced for this conclusion is that expenses of liquidation do not concern the creation or continuance of a capital asset. 4 Mertens, The Law of Federal Income Taxation, § 25.35.

The cases cited by the appellant as supporting the Commissioner's ruling involve less than a complete liquidation, or an actual reorganization or recapitalization rather than a dissolution.

■ The court said in the *Pridemark* case, supra, "We reverse the Tax Court's decision that legal fees incurred in connection with the sale of assets to Golden Key are to be deducted from the gain realized on that sale. Its decision was predicated on the determination that there was no complete liquidation. Having found a liquidation, we approve Pridemark's deduction of these fees as ordinary and necessary business expenses incurred in liquidation." We agree.

The cases cited herein reason that liquidations occur with sufficient frequency in business that a liquidation is an "ordinary" event within the meaning of Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212, and consequently their costs are "ordinary" expenses within the meaning of Section 162 of the 1954 Internal Revenue Code. It also appears that they are incurred in carrying on a trade or business within the meaning of the same section.

It is difficult to determine any reason in the authorities or in the statutes for any distinction as to the type or purpose of the legal work involved. It is probable that the attorneys could account for the time they devoted to the corporate dissolution as compared with the sale of assets, but there is no reason why this sale of assets is not as much a part of the liquidation as the dissolution of the corporation. Certainly if the costs of distribution in kind may be deducted as ordi-

nary expenses, the legal cost of the sale of assets should likewise be deductible. Thus it is all a part of the liquidation-dissolution of the corporate entity.

Affirmed.