**LANRAO, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 19448.**

United States Court of Appeals, Sixth Circuit.

Feb. 5, 1970.

Certiorari Denied May 25, 1970. See 90 S.Ct. 1816.

M. E. Kilpatrick, Atlanta, Ga., for plaintiff-appellant; Kilpatrick, Cody,

482

Rogers, McClatchey & Regenstein, Atlanta, Ga., Jac Chambliss, Chambliss, Chambliss & Hodge, Chattanooga, Tenn., on brief.

David E. Carmack, Atty., Dept. of Justice, Washington, D. C., for defendant-appellee; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., on brief; Robert E. Simpson, U. S. Atty., Thomas A. Williams, Asst. U. S. Atty., Chattanooga, Tenn., of counsel.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

The taxpayer sued for the recovery of federal income taxes for the year 1963 in the amount of $81,620.13 plus interest. The District Court initially entered a judgment in favor of the Government, 288 F.Supp. 464, but subsequently modified the judgment and granted a refund to the taxpayer in the sum of $4,212.72 plus interest. The taxpayer appeals from that part of the judgment adverse to its claim. That part of the judgment of the District Court granting the partial refund is not an issue of this appeal. A copy of the original opinion of the District Court is made an appendix hereto, not including the supplemental order dealing with the partial refund.

The issue on appeal is whether the District Court was correct in holding that selling expenses incurred by the taxpayer corporation in connection with the liquidation sale of its capital assets pursuant to § 337 of the Internal Revenue Code of 1954 must be offset against the selling price, resulting in reduction of the capital gain from the sale, and were not ordinary business expenses deductible from the ordinary income of the taxpayer reported in its final return.

This Court agrees with the conclusion of the District Court for the reasons set forth in the opinion of District Judge Frank W. Wilson, Appendix hereto.

Affirmed.

APPENDIX

OPINION

(Filed August 21, 1968.)

This is an action to recover federal income tax in the sum of $81,620.13, plus interest, which the plaintiff taxpayer contends has been erroneously collected by the Government. All relevant facts in the case have been stipulated. The single issue presented is whether, in a corporate liquidation made pursuant to the provisions of § 337 of the Internal Revenue Code of 1954 (26 U.S.C.A. § 337), expenses incurred in the sale of corporate assets may be deducted in the year in which they were incurred as ordinary and necessary business expenses, as contended by the taxpayer, or whether such expenses must be offset against the capital gain realized in the sale, as contended by the Government.

The material facts, as stipulated by the parties, are that upon November 27, 1963, the Seeburg Corporation offered to purchase all of the assets of the plaintiff corporation, which then went by the name of Cavalier Corporation. On December 3, 1963, Cavalier Corporation accepted the Seeburg offer, Cavalier Corporation's stockholders having authorized the acceptance at a meeting held upon December 2, 1963. At that same meeting a resolution was adopted by the stockholders of Cavalier Corporation changing the name of the corporation to Lanrao, Inc., and authorizing a complete liquidation of the corporation within a 12-month period, it being the stated purpose of the resolution that the liquidation should be conducted so as to qualify for non-recognition of gain under § 337 of the 1954 Code. The sale was consummated and the liquidation was accomplished in conformity with the provisions of § 337. In return for its assets, the plaintiff received $9,413,188 in cash and 120,000 shares of Seeburg common stock worth, in the aggregate, $2,812,500. As reflected in the plaintiff's 1963 income tax return, the plaintiff made a gain of $5,941,340 on the sale of its assets. Of this sum, $267,294.46 was in-

cluded, pursuant to § 1245 of the 1954 Code, as ordinary income, being that portion of the gain attributable to depreciation previously taken on the property sold. Pursuant to § 337, the balance of the gain was treated as gain non-recognizable to the corporation.

In listing its deductible expenses, the plaintiff claimed the right to deduct the sum of $171,070.82 in legal and other professional fees as being ordinary and necessary expenses deductible pursuant to § 162(a) of the 1954 Code. Upon the audit of the plaintiff's 1963 income tax return, the Internal Revenue Service allowed the deduction of $15,000 of this sum, it being agreed between the parties that this sum represented legal fees incurred subsequent to the sale of the corporate assets and in connection with the distribution of the proceeds of the sale and the liquidation and dissolution of the corporation. The remaining sum of $156,961.79, which is stipulated to "represent expenditures incurred by plaintiff directly in connection with the sale of its assets to Seeburg," was disallowed as a deductible expense. The disallowance of these expenses, which resulted in the taxpayer's having to pay a tax deficiency of $81,620.13, forms the basis of the present controversy. The parties having failed to effect an administrative settlement, this lawsuit was properly and timely filed.

Upon this state of the record it is the contention of the taxpayer that expenses incurred in the sale of its assets were expenses incident to the complete liquidation and dissolution of the corporation, and that as such they were deductible as ordinary and necessary business expenses in the year of such complete liquidation or dissolution. In support of its contention that expenses incurred in the liquidation and dissolution of a corporation are deductible as ordinary and necessary expenses, the plaintiff relies upon a line of cases, including Pacific Coast Biscuit Co. v. C. I. R., 32 B.T.A. 39 (1935); United States v. Arcade Co., 203 F.2d 230 (C.A. 6, 1953); Gravois Planing Mill Co. v. C. I. R., 229 F.2d 199 (C.A. 8, 1962); Laster v. C. I. R., 43 B. T.A. 159, 177 (1940); Rite-Way Products, Inc. v. C. I. R., 12 T.C. 475, 481 (1949); and Mill Estate, Inc. v. C. I. R., 17 T.C. 910, 914 (1951). It is stated that the Internal Revenue Service in 1954 acquiesced in this line of authority, as reflected in 1 Cumulative Bulletin 6 of that year. The plaintiff further contends that since compliance with § 337 of the 1954 Code rendered the gain on the sale of a liquidating corporation's assets non-recognizable as to the corporation, any expense incident to that sale should not be offset against the gain, but rather upon both reason and authority should be held deductible as an ordinary and necessary expense of the dissolution. As authority for this position the plaintiff cites a number of cases, including the cases of Pridemark, Inc. v. Commissioner, 345 F.2d 35 (C.A. 4, 1965) and United States v. Mountain States Mixed Feed Co., 365 F.2d 244 (C.A.10, 1966).

The Government, however, strongly contends that expenses incurred in the sale of capital assets are capital expenditures and that as such they must be deducted from the selling price of the assets in determining gain or loss. In support of its contention that expenses incurred in the sale of capital assets are to be treated as capital expenditures, the Government relies upon a line of cases and authorities, including 4A Mertens, Law of Federal Income Taxation (Rev.) § 25.26, pp. 134–135; Spreckels v. Commissioner, 315 U.S. 626, 62 S.Ct. 777, 86 L.Ed. 1073; Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52; Godfrey v. Commissioner, 335 F.2d 82, 85–86 (C.A. 6, 1964); Davis v. Commissioner, 151 F.2d 441, 443 (C.A. 8, 1945); Ward v. Commissioner, 224 F.2d 547, 553–555 (C.A. 9, 1955); Estate of Machris v. Commissioner, 34 T.C. 827, 829; South Texas Properties Co. v. Commissioner, 16 T.C. 1003, 1010; Thompson v. Commissioner, 9 B.T.A. 1342, 1345–1346. It is the position of the Government that the rule in this regard is universal and that the enactment of § 337 in 1954 did

not and was never intended to change the rule.

Insofar as the parties' appeal to reason in support of their respective positions, the Court is of the opinion that the position of the Government is supported by the better and the stronger reasons. There appears to be no dispute but that the general rule is as stated in 4A Mertens, Law of Federal Income Taxation (Rev.), § 25.26, pp. 134–135:

> Fees, such as brokerage, legal or accounting, paid in connection with the acquisition or disposition of property, real or personal, are ordinarily capital expenditures either to be added to its cost or deducted from the selling price in determining gain or loss on its ultimate disposition. This principle is equally applicable in the case of a corporation as in the case of an individual.

The reason behind the rule as stated above is not difficult to conceive, and it is that related expenditures and receipts should be accorded equivalent tax treatment. Had the taxpayer in this case sold the capital assets of the corporation other than in the course of a corporate liquidation, there would have been no question but that the selling cost would have been subject to be offset against the selling price and the plaintiff would not be heard to contend that such expenses were deductible as ordinary and necessary business expenses. Neither the rule that permits the deduction of liquidation expenses as ordinary and necessary business expenses, established in Pacific Coast Biscuit Co. v. C. I. R., 32 B.T.A. 39, and the line of cases in accord, nor the provisions of § 337 of the 1954 Code which provides for the nonrecognition to the corporation of capital gains upon a corporate liquidation would in logic or in reason have the effect of converting capital selling expenses into ordinary business expenses. That expenses incurred in the dissolution of a corporation may be rationalized as being both ordinary and necessary business expenses, as was demonstrated in the *Pacific Coast Biscuit Co.*, case, *supra*, does not furnish a rational basis for the argument that capital selling expenses are converted into ordinary and necessary business expenses if they are incurred at the time of a corporate dissolution. That § 337 likewise does not furnish a rational basis for converting what would otherwise be capital selling expenses into ordinary and necessary business expenses becomes apparent when the meaning, purpose and history of that statute is reviewed. A further look at the statute will accordingly be appropriate at this point.

The portion of § 337 relevant to the issue presented in this case reads as follows:

(a) General rule.—If—

(1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and

(2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period.

It is apparent from a literal reading of the section that it refers only to non-recognition of gain or loss on sale of corporate assets in a corporate dissolution where the dissolution is accomplished in accordance with the statute. Section 337 does not, by its terms, purport to modify Section 162(a), which permits the deduction of "ordinary and necessary" business expenses. Nor does it, by its terms, purport to modify a long established rule that capital selling expenses must be offset against capital sales prices. If the statute is to have this effect, it must be arrived at by some means other than a literal reading of the statute. What then is the meaning of the statute, and what is its necessary and reasonable effect upon the law regarding capital expenses and ordinary expenses as that law existed prior to the adoption of the statute?

A review of the Congressional history of § 337 reflects that the statute was enacted to correct a tax inequity arising from certain then recent decisions of the courts. The Senate report upon the legislation reflects the following:

> Section 337 corresponds in function to section 333 of the House bill and concerns the problems raised by the decisions in Commissioner v. Court Holding Company, 324 U.S. 331, 65 S.Ct. 707 [89 L.Ed. 981], and U. S. v. Cumberland Public Service Co., 338 U.S. 451, 70 S.Ct. 280 [94 L.Ed. 251], and the numerous related cases. These decisions involve the question of whether the corporation or the shareholder effected a sale of property in connection with the liquidation of the corporation. Under the decision in *Cumberland Public Service Co., supra,* it is indicated that in the case of a distribution of property in liquidation of a corporation followed by its sale made in fact by its shareholders, a single tax is imposed at the shareholder level. Where the shareholders in fact did not effect the sale, tax is imposed both at the corporate and at the shareholder level. Accordingly, under present law the tax consequences arising from sales made in the course of liquidations may depend primarily upon the formal manner in which the transactions are arranged. Your committee intends in section 337 to provide a definitive rule which will eliminate the present uncertainties. U.S.Code & Administrative News (1954) p. 4896.

It is thus apparent that the purpose of § 337 was to eliminate a possible tax inequity by eliminating the need to make a factual determination as to whether the sale of corporate assets in a corporate liquidation was made by the corporation before a distribution or by the stockholder after a distribution of corporate assets in kind. This purpose was accomplished by eliminating any tax consequence at the corporate level, leaving only single tax consequence at the stockholder level. Since the purpose of the legislation was to relieve a tax inequity,

it would be to pervert that purpose for a Court to interpret the legislation as having converted capital selling expenses into ordinary and necessary business expenses where corporate assets are sold by the corporation in a dissolution rather than being distributed in kind and sold by the stockholder. For the Courts to thus create a tax inequity from legislation designed to correct a tax inequity would be not only to disregard the express terms of the statute but to read into the statute a purpose expressly contrary to that stated at the time of its enactment.

It is contended, however, that the weight of authority is to the contrary. Actually, there is no controlling authority within this Circuit upon the narrow issue here presented. The authorities in other circuits appear to be evenly divided upon the subject. Although each party cites other cases which they contend are relevant, they each rely upon two cases as being in direct support of their contentions. The Government relies upon two cases which clearly hold that such expenses are not deductible from ordinary income. See United States v. Morton, 387 F.2d 441, 448–450 (C.A. 8, 1968); Alphaco, Inc. v. Nelson, 385 F.2d 244 (C.A. 7, 1967). On the other hand, the taxpayer relies upon two cases which clearly hold that expenses incurred in the sale of assets pursuant to a liquidation are deductible as ordinary business expenses. See Pridemark, Inc. v. Commissioner, 345 F.2d 35 (C.A. 4, 1965); United States v. Mountain States Mixed Feed Co., 365 F.2d 244 (C.A. 10, 1966).

Taking up the cases cited by the plaintiff first, a review of the *Pridemark* case reveals that the Court did there hold, as contended by the plaintiff, that legal fees incurred in connection with a corporate liquidation sale were deductible as ordinary and necessary business expenses. However, the principal issue before the Court in that case was whether there had been a complete corporate liquidation so as to entitle the taxpayer to rely upon the provisions of § 337.

The distinction between ordinary liquidation expenses, on the one hand, and expenses attributable to the liquidation sale of capital assets, on the other hand, appears not to have been raised nor discussed, the Court summarily disposing of the problem as follows:

We reverse the Tax Court's decision that legal fees incurred in connection with the sale of assets to Golden Key are to be deducted from the gain realized on that sale. Its decision was predicated on the determination that there was no complete liquidation. Having found a liquidation, we approve *Pridemark's* deduction of these fees as ordinary and necessary business expenses incurred in liquidation. Pacific Coast Biscuit Co., 32 B.T.A. 39, 42 (1935); see Note, "Certain Tax Aspects of Organization, Reorganization, and Liquidation Costs," 10 Stan.L.Rev. 112, 118–19 (1957).

It should be further noted that insofar as the Court in the *Pridemark* case relies upon the *Pacific Coast Biscuit Co.* case as authority for the proposition that legal fees incurred in a corporate liquidation sale of capital assets are deductible as ordinary and necessary business expense, its reliance is misplaced. For the *Pacific Coast Biscuit Co.* case found only that a corporate liquidation was an "ordinary and necessary" affair in the business world and that expenses incurred therein were therefore deductible as ordinary and necessary business expenses. It should be borne in mind, as a background to both the *Pridemark* and the *Pacific Coast Biscuit Co.* cases, that corporate reorganization expenses, as distinguished from corporate liquidation expenses, are uniformly held not to be deductible as ordinary and necessary business expenses. Incidentally, it was with this distinction between a corporate reorganization and a corporate dissolution that the Sixth Circuit case of United States v. Arcade Co., 203 F.2d 230 (1953) dealt, the Court there holding that a dissolution was accomplished and not a corporate reorganization, with the result that

legal and accounting expenses incurred in the dissolution were deductible as ordinary and necessary business expenses. The case does not go further, and, to the extent that the plaintiff relies upon it as supporting its contention that capital expenditures in a corporate dissolution are deductible as ordinary expenses, that reliance is misplaced.

Turning to the case of United States v. Mountain States Mixed Feed Co., 365 F.2d 244, the Court relied upon the *Pridemark* decision in arriving at the conclusion that legal expenses incurred in the sale of assets in a corporate dissolution are deductible as ordinary and necessary business expenses. Concluding that, "It is difficult to determine any reason * * * for any distinction as to the type or purpose of the legal work involved," the Court concluded that the sale of assets was a part of a corporate dissolution and since expenses of a corporate dissolution are generally deductible as ordinary and necessary business expenses, "The legal cost of the sale of assets should likewise be deductible." For the reasons hereinabove stated, this Court respectfully disagrees.

The taxpayer also relies upon a line of cases holding that state taxes upon a § 337 gain are deductible from ordinary income. Commissioner v. McDonald, 320 F.2d 109 (C.A. 5, 1963); Hawaiian Trust Co., Ltd. v. United States, 291 F.2d 761 (C.A. 9, 1961). These cases were at issue because of a dispute in the interpretation of § 275, which provides that no deduction shall be taken for expenses allocable to income "wholly exempt" from taxes. The Courts in the above cases held that a § 337 gain is not "wholly exempt" from taxation, since a tax may eventually be subject to payment on the gain. However, this Court has difficulty in seeing the relevance to the present issue of cases holding that § 275 is inapplicable to a § 337 gain.

As noted above, the Government relies principally upon the cases of Alphaco, Inc. v. Nelson, 385 F.2d 244 (C.A. 7,

1967) and United States v. Morton, 387 F.2d 441 (C.A. 8, 1968) as supporting its position and as being the more recent and better reasoned authority. Upon a review of the cases this Court agrees. A careful analysis of the specific problem here presented is made in both the *Alphaco* case and the *Morton* case. In each case the Court arrives at the conclusion that expenses incurred in effecting a § 337 gain are to be offset against the gain and are not deductible as ordinary and necessary expenses of carrying on business. To the same effect see also Towanda Textiles, Inc. v. United States, 180 F.Supp. 373 (Ct. of Cl., 1960). In arriving at this conclusion the Court in the *Alphaco* case stated:

> We perceive nothing in the language or in the ultimate objective of section 337 indicative of any purpose to carve out an exception to that general rule so as to transmute the selling costs, for tax purposes, from their normal character as capital selling expenses into ordinary business expenses. On the contrary, to permit the costs of selling the corporate assets to be deducted by the corporation as ordinary business expenses would frustrate the purpose for which section 337 was enacted. (385 F.2d 244 at 245)

In an even more fully reasoned opinion, the Court in the *Morton* case stated:

> To allow what ordinarily is considered as a capital expenditure in the sale of a capital asset or the collection of insurance proceeds producing a capital gain as an ordinary business expense is thwarting and overextending the congressional purpose in enacting § 337. This remedial legislation had for its purpose the removal of the specter of double taxation assessed on technicalities in corporate liquidations. This purpose was achieved by eliminating any corporate tax on any gain or loss resulting from the sale or exchange of corporate assets in a qualifying plan of complete corporate liquidation and shifting the tax consequences to the distributee stockholders; thus treating the whole transaction of liquidation as though a distribution in kind had been made to the stockholders and the sale or exchange of the assets then made by the stockholders. Under the procedure of the stockholders selling the corporate assets after distribution in kind the usual legal and selling expenses in connection with a sale would be considered as capital expenses chargeable against the sale proceeds. We do not think Congress intended any preference to distributee shareholders of liquidating corporations other than the elimination of double taxation; nor do we think Congress intended to change the prevailing accounting principle of treating capital expenditures as chargeable only against capital gains or losses. See Winer v. Commissioner of Internal Revenue, 371 F.2d 684 (1 Cir. 1967.)

This Court accordingly concludes that legal fees and other expenses incurred in the sale of corporate assets in a corporate liquidation made pursuant to the provisions of § 337, Title 26 U.S.C.A., must be offset against the capital gain realized in the sale and may not be deducted as ordinary and necessary business expenses.