OF COURSE, INC. (FORMERLY: THE ISAAC HAMBURGER & SONS COMPANY), A MARYLAND CORPORATION IN DISSOLUTION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7961–70.   Filed October 25, 1972.

*Alex J. Soled*, for the petitioner.
*Robert S. Erickson*, for the respondent.

OPINION

FORRESTER, *Judge:* Respondent has determined deficiencies in petitioner's Federal income tax as follows:

| TYE | Amount |
| --- | --- |
| Jan. 28, 1967 | $4,329.96 |
| Feb. 3, 1968 | 12,143.49 |

All of the facts are found as stipulated, and because of concessions, the sole issue presented for our decision concerns the year ended February 3, 1968. It is whether, in a corporate liquidation made pursuant to the provisions of section 337,[1] legal expenses incurred by a corporation in the sale of its capital assets may be deducted as ordinary and necessary business expenses.

Petitioner, Of Course, Inc. (formerly the Isaac Hamburger & Sons Co.), filed its Federal income tax returns for the years in issue with the district director of internal revenue, Baltimore, Md. On the date of the filing of the petition herein, petitioner was a Maryland corporation in dissolution. Prior to dissolution, petitioner maintained its principal office in Baltimore, Md.

---

[1] Unless otherwise specified all statutory references are to the Internal Revenue Code of 1954.

Petitioner was incorporated under the laws of Maryland in 1922 and throughout its existence it operated several retail clothing and shoe stores, all located in the Baltimore area.

On January 18, 1968, petitioner adopted a plan of complete liquidation, a copy of which was filed February 2, 1968, with the district director of internal revenue, Baltimore, Md. Pursuant to an agreement dated and executed February 5, 1968, petitioner sold all its assets to Kennedy's Inc. (Kennedy's), a wholly owned subsidiary of Phillips Van Heusen Corp. In return for its assets, petitioner received from Kennedy's approximately $1.9 million cash and a note in the approximate face amount of $445,000. In addition, Kennedy's assumed the liabilities of petitioner.

Petitioner realized a gain in excess of $10,000 on this sale but did not report this gain as income because the sale and liquidation were in conformity with the nonrecognition provisions of section 337.

Subsequent to February 5, 1968, and before January 17, 1969, petitioner distributed to its shareholders the proceeds of the sale, less amounts retained to meet claims.

On its U.S. corporate income tax return for the taxable year ended February 3, 1968, petitioner reported a tax liability of $71,946. In arriving at this figure petitioner claimed a deduction of $27,500 for legal fees as an ordinary and necessary business expense under the provisions of section 162(a). Of this amount $9,500 was incurred by petitioner for legal services performed directly in connection with the sale of its assets to Kennedy's. Respondent determined that the petitioner was not entitled to deduct this $9,500 fee and determined a deficiency accordingly.

The issue before us is whether a corporation, in the course of liquidation pursuant to section 337, may deduct legal expenses incurred in the sale of its capital assets as ordinary and necessary business expenses.[2] In *Pridemark, Inc.*, 42 T.C. 510 (1964), we decided this identical issue and held that such legal fees were not deductible as an ordinary and necessary business expense. In an appeal from that decision, the Fourth Circuit reversed. *Pridemark, Inc.* v. *Commissioner*, 345 F. 2d 35 (C.A. 4, 1965).

An appeal from the decision in the instant case lies solely to the Fourth Circuit.[3] Under *Jack E. Golsen*, 54 T.C. 742 (1970), affd. 445

---

[2] Sec. 337(a)(2) provides for nonrecognition of gain or loss from a sale of "property" within the 12-month liquidation period, and sec. 337(b)(1)(A) and (b)(2) defines "property" as not including stock in trade or inventory *unless* substantially all of it is sold to one person in one transaction. The only dispute between the parties in the instant case is in regard to expenses of sale of capital items since there would appear to be no argument that, with respect to inventory items, selling expenses are clearly a part of the cost of goods sold and therefore enter directly into the computation of the gain excludable under sec. 337.

[3] Sec. 7482(b)(1).

F. 2d 985 (C.A. 10, 1971), certiorari denied 404 U.S. 940 (1971), we are required to follow the Fourth Circuit's decision and we therefore hold that the petitioner was entitled to deduct the legal fees connected with the sale of the assets as an ordinary and necessary business expense.[4]

We note that a conflict has developed among the circuits on the deductibility of such fees. The Tenth Circuit has agreed with the Fourth Circuit and held that such expenses are properly deductible, while the Third, Sixth, Seventh, and Eighth Circuits have disagreed with the Fourth Circuit and have determined that they may only be deducted from the sale's proceeds.[5] Under *Golsen*, we are permitted to express our views on this issue, explaining why we agree or disagree with the precedent we must follow. For the reasons set forth below, we disagree with the Fourth Circuit and believe that legal fees incurred by a taxpayer corporation, directly related to the sale of corporate assets in the course of a complete liquidation, do not constitute ordinary and necessary business expenses.

The general rule with regard to expenses of such a sale as here concerns us is that they are not deductible as ordinary and necessary business expenses, but must be offset against the sale price of the assets in determining gain or loss on the transaction. *Spreckels* v. *Commissioner*, 315 U.S. 626 (1942) ; *Munson* v. *McGinnes*, 283 F.2d 333, 335–337 (C.A. 3, 1960), certiorari denied 364 U.S. 880 (1960) ; *Godfrey* v. *Commissioner*, 335 F.2d 82, 85–86 (C.A. 6, 1964) ; *Ward* v. *Commissioner*, 224 F.2d 547, 553–555 (C.A. 9, 1955). The reason for this rule is that related expenditures and receipts should be accorded consistent tax treatment. *Spangler* v. *Commissioner*, 323 F.2d 913, 918 (C.A. 9, 1963). Therefore, it is clear that, if the petitioner had sold its assets other than in the course of liquidation, the legal fees would not have been deductible as an ordinary and necessary business expense.

It is true that corporate liquidation expenses are deductible as ordinary and necessary business expenses, *Pacific Coast Biscuit Co.*, 32

---

[4] Our decision in *Pridemark* was based upon the alternative grounds that the legal fees there involved were incurred in connection with the sale of assets (as in the instant case) and also that *Pridemark* was only reorganized—not completely liquidated and wound up. Respondent admits that he urged both alternates to the Fourth Circuit on appeal, but contends that C. A. 4 decided the issue (for deductibility) solely on the ground that *Pridemark* had been completely liquidated. He argues from this that *Pridemark* is not in point and urges us not to employ the *Golsen* doctrine.

We disagree. We cannot give *Pridemark* the narrow reading which respondent suggests, and we note that the Tenth Circuit has given *Pridemark* the same broader sweep in *United States* v. *Mountain States Mixed Feed Co.*, 365 F.2d 244 (C.A. 10, 1966).

[5] The case holding that such fees may be deducted : *United States* v. *Mountain States Mixed Feed Co.*, 365 F.2d 244 (C.A. 10, 1966). Cases holding that such fees are not deductible : *Alphaco, Inc.* v. *Nelson*, 385 F.2d 244 (C.A. 7, 1967) ; *United States* v. *Morton*, 387 F.2d 441 (C.A. 8, 1968) ; *Lanrao, Inc.* v. *United States*, 422 F.2d 481 (C.A. 6, 1970), certiorari denied 398 U.S. 928 (1970) ; *Connery* v. *United States*, 460 F.2d 1130 (C.A. 3, 1972).

B.T.A. 39 (1935), yet we do not believe that capital selling expenses are changed to ordinary and necessary business expense solely because they are incurred during liquidation. There is a vast difference between liquidation expenses, such as a fee for filing a certificate of dissolution, and expenses incurred in the sale of assets pursuant to a liquidation. The liquidation expenses are not directly related to any particular receipts of the corporation, whereas the expenses incurred in the sale of assets are directly related to the proceeds of the assets' sale. As stated in *Lanrao, Inc.* v. *United States*, 422 F.2d 481, 484 (C.A. 6, 1970), certiorari denied 398 U.S. 928 (1970):

That expenses incurred in the dissolution of a corporation may be rationalized as being both ordinary and necessary business expenses, as was demonstrated in the *Pacific Coast Biscuit Co.*, case, *supra*, does not furnish a rational basis for the argument that capital selling expenses are converted into ordinary and necessary business expenses if they are incurred at the time of a corporate dissolution.

Section 337 has no real relevance to the instant problem. It merely provides that capital gain realized in the circumstances set forth therein shall be tax free at the corporate level. It does not in any way affect the computation of that capital gain. And, in accordance with *Spreckels* v. *Commissioner*, 315 U.S. 626 (1942), the selling expenses are merely a charge or offset against the amount received on sale, with the consequence that the amount of gain or loss on sale is diminished or increased, as the case may be, by the amount of the selling expenses. Section 337 simply provides that the amount of such gain or loss shall not be recognized. It does not convert a capital charge into a deductible expense. *Lanrao, Inc.* v. *United States*, 422 F.2d 484, 485 (C.A. 6, 1970); *Alphaco, Inc.* v. *Nelson*, 385 F.2d 244, 245 (C.A. 7, 1967).

The relevant portion of section 337 provides as follows:

SEC. 337. GAIN OR LOSS ON SALES OR EXCHANGES IN CONNECTION WITH CERTAIN LIQUIDATIONS.

(a) GENERAL RULE.—If—

(1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and

(2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims,

then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period.

This statute clearly refers only to the nonrecognition of gain on the sale of assets by a liquidating corporation in compliance with the statute. The statute does not by its terms change either the prevailing accounting principle of charging capital expenditures only against capital proceeds, or section 162(a) which permits the deduction of "ordinary and necessary" business expenses. *Lanrao, Inc.* v. *United States*,

*supra* at 484; *United States* v. *Morton*, 387 F.2d 441, 449 (C.A. 8, 1968).

Likewise, there is nothing in the purpose of the statute which would warrant the deduction of capital expenditures as ordinary and necessary business expenses. Section 337 was adopted to overcome a tax inequity which rendered variant tax consequences depending upon whether the corporation in liquidation distributed its assets in kind to the shareholders, or sold the assets prior to distribution. The Senate Finance Committee report upon the legislation sets forth this purpose (S. Rept. No. 1622 (Pub. L. No. 591), 83d Cong., 2d Sess., pp. 258–259 (1954)): [6]

Section 337 corresponds in function to section 333 of the House bill and concerns the problems raised by the decisions in *Commissioner* v. *Court Holding Company*, 324 U.S. 451, and *U.S.* v. *Cumberland Public Service Co.*, 338 U.S. 341, and the numerous related cases. These decisions involve the question of whether the corporation or the shareholder effected a sale of property in connection with the liquidation of the corporation. Under the decision in *Cumberland Public Service Co.*, supra, it is indicated that in the case of a distribution of property in liquidation of a corporation followed by its sale made in fact by its shareholders, a single tax is imposed at the shareholder level. Where the shareholders in fact did not effect the sale, tax is imposed both at the corporate and at the shareholder level. Accordingly, under present law the tax consequences arising from sales made in the course of liquidations may depend primarily upon the formal manner in which the transactions are arranged. Your committee intends in section 337 to provide a definitive rule which would eliminate the present uncertainties. * * *

It is clear that the purpose of section 337 was to prevent corporate liquidations from generating different tax consequences solely on the basis of mechanical formalities. This purpose was achieved by eliminating any tax consequences at the corporate level, leaving only single tax consequences at the shareholder level. If capital selling expenses were converted into ordinary and necessary business expense at the corporate level, this would introduce a new tax inequality, for it would obviously not be available to a shareholder who had received a distribution in kind. This would be directly contrary to the whole purpose of the statute. *United States* v. *Morton*, *supra* at 449; *Lanrao, Inc.* v. *United States*, *supra* at 485. Also, the following example given by the court in *Alphaco, Inc.* v. *Nelson*, *supra* at 246, illustrates this potential inequality:

Let us assume that a corporation's capital assets have a fair market value of $10,000, the sale of which (by the corporation or by its shareholder) would entail selling costs of $1,000, and that the cost basis of the stock is $6,000. Following sale by the corporation, $9,000 would be left, net, to distribute to the shareholder in exchange for his stock, and the capital gain to the shareholder would be $3,000. If the property was first distributed to the shareholder and then sold by

[6] See also the House Ways and Means Committee report, H. Rept. No. 1337 (Pub. L. No. 591), 83d Cong., 2d Sess., pp. 38–39 (1954).

him, he would report a capital gain of $4,000 ($10,000 value of the assets, less $6,000 basis of the stock) and then deduct the $1,000 selling cost—leaving him with the same $3,000 capital gain as in the first situation. Since, under Section 337, the only tax in either event is that paid by the shareholder, and since he would pay the same tax in either of the above situations, it is obvious that the tax-equalizing purpose of Section 337 is achieved.

But if the corporation in such case is permitted to deduct the selling cost from ordinary income as an ordinary and necessary business expense when it sells the property, then the corporation (and through it, the shareholder) receives an additional tax benefit in the form of the deduction against the ordinary income (the earning of which had no connection with the capital sale transaction) reported in the corporation's last return. * * *

It is clear from the above that the purpose of section 337 does not call for the deduction of the selling expenses of assets as ordinary and necessary business expenses, and that such deductions would in fact frustrate the purpose of section 337.

We take note of the *Pridemark* case and of *United States* v. *Mountain States Mixed Feed Co.*, 365 F.2d 244 (C.A. 10, 1966), the two Court of Appeals cases allowing the deduction, but are not persuaded by these decisions.

*United States* v. *Mountain States, supra* at 245–246, held that all liquidation expenses, including those incurred in connection with the sale of capital assets, are deductible as ordinary and necessary business expenses. The rationale of allowing legal fees connected with the sale of capital assets to be deducted as ordinary and necessary business expenses is stated as follows:

It is difficult to determine any reason in the authorities or in the statutes for any distinction as to the type or purpose of the legal work involved. It is probable that the attorneys could account for the time they devoted to the corporate dissolution as compared with the sale of assets, but there is no reason why this sale of assets is not as much a part of the liquidation as the dissolution of the corporation. Certainly if the costs of distribution in kind may be deducted as ordinary expenses, the legal cost of the sale of assets should likewise be deductible. Thus it is all a part of the liquidation-dissolution of the corporate entity.

This analysis does not closely examine either the differences in the nature of the expenses involved or the purpose and language of section 337. Further, the mere fact that the general expenses of distribution in kind may be deductible does not provide any support for the proposition that legal fees directly incurred in the sale of capital assets are deductible as ordinary and necessary business expenses.

Moreover, there is a further consideration that suggests the Fourth Circuit (*Pridemark*) may wish to reconsider its views. As noted above, page 148, a conflict has developed among the circuits on the issue here involved; and when a petition for certiorari was filed in *Lanrao, Inc.* v. *United States*, 422 F.2d 481 (C.A. 6, 1970), the Government filed a Memorandum In Opposition (No. 1346, October Term, 1969) in May

1970, admitting the conflict, particularly with *Pridemark*, but recommending nevertheless that the petition be denied for the following reason (p. 3) :

However, the question involved is closely related to that recently decided by this Court in *Woodward* v. *Commissioner*, No. 412, and *United States* v. *Hilton Hotels Corporation*, No. 528, both decided April 20, 1970. It is, of course, true that the questions are not the same. The *Woodward* and *Hilton* cases did not arise under Section 337; and they dealt with the expenses incurred in determining the purchase price rather than with pre-sale expenses as here. Nevertheless, it seems clear that this Court's decisions in *Woodward* and *Hilton* will have a considerable impact on the approach which will be taken by the lower courts in other cases in this area.

The two cases referred to above have been reported as *Woodward* v. *Commissioner*, 397 U.S. 572 (1970), and *United States* v. *Hilton Hotels*, 397 U.S. 580 (1970).

Thus, although the denial of certiorari is ordinarily not to be taken as a ruling on the merits by the Supreme Court, the denial of certiorari in *Lanrao* (398 U.S. 928) on May 25, 1970, in the face of a square and admitted conflict would appear to be persuasive that the Court regarded *Woodward* and *Hilton Hotels* in the circumstances as having a strong bearing on the issue. Without question, both *Woodward* and *Hilton Hotels* point in the direction of treating the expenses involved in the instant case as capital charges rather than deductible business expenses.

Because of concessions,

*Decision will be entered under Rule 50.*

Reviewed by the Court.