**George PAGE, Transferee, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 74–2990.**

United States Court of Appeals, Ninth Circuit.

Sept. 19, 1975.

Steven W. Phillips, Willis, Butler & Scheifly, Los Angeles, Cal., for appellant.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Gilbert E. Andrews, Chief, App. Section, Elmer J. Kelsey and Carolyn R. Just, Tax Div., U. S. Dept. of Justice, for appellee.

OPINION

Before ELY and CARTER, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

Three corporations, of whose assets Page is the transferee, entered into complete liquidations under 26 U.S.C. § 337. The corporations incurred brokerage commission expenses in connection with

---

* Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

sales of certain real estate. The real estate had been held by the corporations as capital assets. The corporations deducted the brokerage commissions against ordinary income as ordinary and necessary business expenses under 26 U.S.C. § 162. The Commissioner disallowed these expenses, holding that the expenses should be treated as offsets against the capital gains realized from the sales. The Tax Court, in a memorandum opinion unofficially reported at P-H Memo T.C. par. 74,015 (1974), upheld the Commissioner. We affirm.

■■■ Costs incurred in the disposition of capital assets are normally capitalized and are not deductible as ordinary and necessary business expenses. *Woodward v. C.I.R.*, 397 U.S. 572, 575–76, 90 S.Ct. 1302, 25 L.Ed.2d 577 (1970). Neither § 337 nor the legislative history behind that statute induce the conclusion that the general rule should not be applied in a 12-month liquidation. Various Courts of Appeals have generally agreed with this conclusion. *Of Course, Inc., v. C.I.R.*, 499 F.2d 754 (4th Cir. 1974) (overruling an earlier Fourth Circuit case to the contrary, *Pridemark, Inc. v. C.I.R.*, 345 F.2d 35 (4th Cir. 1965)); *Connery v. United States*, 460 F.2d 1130 (3d Cir. 1972); *Lanrao, Inc. v. United States*, 422 F.2d 481 (6th Cir. 1970), *cert. den.* 398 U.S. 928, 90 S.Ct. 1816, 26 L.Ed.2d 89; *United States v. Morton*, 387 F.2d 441 (8th Cir. 1968); and *Alphaco, Inc. v. Nelson*, 385 F.2d 244 (7th Cir. 1967). The only Court of Appeals decision to the contrary is *United States v. Mountain States Mixed Feed Company*, 365 F.2d 244 (10th Cir. 1966), which relied primarily on the subsequently overruled decision in *Pridemark, Inc. v. C.I.R., supra.* *See also* Bittker and Eustice: Federal Income Taxation of Corporations and Shareholders (1971 rev.), ¶ 11.65 at p. 11–73.

■■ The taxpayer points to certain situations wherein requiring capitalization of selling costs will result in different tax consequences as between the corporation and the shareholders. While this may be true, § 337 was not enacted to eliminate all such differences. Its intent, as we see it, was merely to prevent a formalistic distinction from resulting in a double tax. Section 337 does prevent formalistic tax distinctions, and it does not appear to be otherwise intended to create complete parity of treatment, upon liquidation, between corporations and shareholders.

Finally, the taxpayer argues that our decision in *United States v. Transamerica Corp.*, 392 F.2d 522 (9th Cir. 1968), requires a ruling in his favor. The opinion in that case, however, did not deal with complete liquidations under § 337 and did not address the narrow issue here presented.

Affirmed.