Hammond A. COX and Margie C. Cox, Plaintiffs,

Billy J. Ligon and Sara R. Ligon, Plaintiffs,

Estate of Paul Ligon and Maurine Ligon, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 80–2713–W.

United States District Court, W.D. Tennessee, W.D.

March 2, 1984.

Eugene ·Greener, Jr., Bruce M. Kahn, Memphis, Tenn., for plaintiffs.

Robert E. Rice, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

WELLFORD, Circuit Judge, Sitting by Designation.

This is an action to recover federal income taxes paid by the plaintiffs for the calendar year 1976. The plaintiffs were three of four partners in a partnership which sold an apartment project in 1976. The respective spouses are made parties to this action as a result of the filing of joint tax returns. The apartment project was sold at a capital gain on an installment basis. Plaintiffs contend that their selling expenses should have been added to their basis in the property. The government contends that these expenses should be taken as a direct offset against the sales price of the property. Both parties have stipulated the facts and agree a summary judgment is in order.

Ordinarily, the two approaches to the reporting of selling expenses would make no difference in the tax consequences of the sale. In either case, plaintiffs would be subject to the same total tax liability. There is a difference in this case, however, in that when a buyer assumes a seller's mortgage which is in excess of the basis of the property, the amount by which the mortgage indebtedness exceeds the seller's basis is treated as a payment to the seller-taxpayer *in the year of the sale*. Thus, under the government's theory, the taxpayer recognizes a greater gain in the year of the sale, but pays less tax on future installments. Under plaintiffs' theory, the gain is less in the year of the sale, but greater in the subsequent years. The issue before this court therefore, is whether plaintiffs may add their selling expenses to the basis in the project, thereby recognizing less gain in the year of the sale, or whether

they must offset the expenses directly from the selling price, thereby recognizing a greater gain in the year of the sale.

*Kirschenmann v. Commissioner*, 488 F.2d 270 (9th Cir.1973), seems directly on point. The court held that the selling costs of real estate "are properly chargeable to the capital account and are, therefore an adjustment to the basis." 488 F.2d at 273. That court relied on 26 U.S.C. § 1016(a) which provides that expenditures, receipts, losses or other items properly chargeable to the capital account are to result in an adjustment to the basis in the property.[1] Under this approach, the taxpayer is not burdened by having to pay tax on money not yet received due to the installment nature of the sale. At least one tax court case has followed *Kirschenmann* but only because the parties were agreed on that issue. *See, Bostedt v. Commissioner*, 70 T.C. 487, 490 n. 4 (1978) (parties agreed that *Kirschenmann* was controlling for purposes of this case, therefore "... selling costs were not a direct offset to sales price but rather were an addition to the adjusted basis....").

The government has argued that this court should follow the language of *Lanrao v. United States*, 422 F.2d 481 (6th Cir.), *cert. denied*, 398 U.S. 928, 90 S.Ct. 1816, 26 L.Ed.2d 89 (1970). In that case, the court held that selling expenses incurred by a corporation in connection with a 26 U.S.C. § 337 liquidation were capital items to be offset against the selling price, and were not deductible as ordinary and necessary expenses. The court essentially held that capital expenditures must be deducted from the capital account, not ordinary income. In that case the court cited 4A Mertens, Law of Federal Income Taxation (Rev.) § 25.26 pp. 134–135:

Fees, such as brokerage, legal or accounting, paid in connection with the acquisition or disposition of property, real or personal, *are ordinarily capital expenditures either to be added to its cost or deducted from the selling price* in determining gain or loss on its ultimate disposition. This principle is equally applicable in the case of a corporation as in the case of an individual. (emphasis added).

The clear meaning of *Lanrao* is that taxpayers may not utilize capital expenditures as deductions from ordinary income. The purpose of I.R.C. § 337 involved in *Lanrao* was to eliminate any tax consequence of a sale in corporate liquidation at the corporate level and not to make the tax effect dependent upon the formal manner of sale. While expenses incurred in connection with the sale of corporate assets in that case were offset against the capital gain realized in the sale, that decision is not controlling for the government's position under the facts of this case in my view. The Ninth Circuit, moreover, has decided a case analogous with *Lanrao*, while leaving the *Kirshenmann* decision undisturbed. *Page v. Commissioner*, 524 F.2d 1149 (9th Cir. 1975).

*Kirshenmann* would seem to be in accord with the intent of the Senate when they amended the installment sale section of the Internal Revenue Code:

The function of the installment method of reporting income is to permit the spreading of the income tax over the period during which payment of the sales price are received. Thus, the installment method alleviates possible liquidity problems which might arise from the bunching of gain in the year of sale when a portion of the selling price has not been actually received. (Senate Committee Report on P.L. 96–471).

---

1. Section 1011(a) of the *Internal Revenue Code* defines "adjusted basis" as follows:
"The adjusted basis for determining gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis (cost) ... adjusted as provided in Section 1016."

Section 1016(a) provides that:
"Proper adjustment in respect to the property shall in all cases be made—
(1) for expenditures, receipts, losses, or other items, properly chargeable to capital account..."

If we were to adopt the government's position, the taxpayer would be forced to pay taxes based on sales expenses entirely in the year of sale, while the income to be received from the sale would actually be spread over the subsequent years. This would appear to be the type of hardship, due to "bunching," that the Senate Committee was trying to correct, and the *Kirshenmann* rationale seems to be in accord with this expressed intent.

Section 1011 and 1016(a) of the Internal Revenue Code state that the basis of property should be adjusted for all expenditures that are chargeable to the capital account. It would be inconsistent with these sections to hold that selling expenses are capital items, but must be deducted from the sales price in installment sale transactions instead of being charged to the capital account as an adjustment to basis. As the court in *Kirschenmann* stated:

> If we were to adopt the Commissioner's position, we would be required to hold that while selling expenses are capital expenses, they are not properly chargeable to capital account. This would be a strained interpretation of a capital account under Section 1016, and we decline to adopt it. As a capital expense, selling costs are properly chargeable to capital account and are therefore an adjustment to basis under Section 1016.

488 F.2d at 273.

Accordingly, for the reasons set forth above, summary judgment is hereby granted to the plaintiffs.