**Daniel R. and Patricia C. McCARTHY, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C78–1480.**

United States District Court, N.D. Ohio, E.D.

May 15, 1985.

Sheldon M. Sager, Stewart I. Mandel, McCarthy, Lebit, Crystal, Kleinman & Co., L.P.A., Cleveland, Ohio, for plaintiffs.

John Siegel, U.S. Atty., Cleveland, Ohio, Jason Green, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

### MEMORANDUM OF OPINION

MANOS, District Judge.

On November 6, 1978, plaintiffs, Daniel R. and Patricia C. McCarthy, filed the above-captioned case against the United States of America challenging income tax deficiencies assessed and collected by the Internal Revenue Service (IRS) for fiscal years 1973 and 1974. Jurisdiction is invoked pursuant to 28 U.S.C. § 1346(a)(1).[1]

---

**1.** 28 U.S.C. § 1346(a)(1) provides:
(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

The case is currently before the court on cross-motions for partial summary judgment. For the following reasons, the plaintiffs' cross-motion is denied and the Government's cross-motion is granted.

This case involves the tax treatment of a professional baseball franchise purchased by a partnership. On March 22, 1973, an Ohio limited partnership purchased the New York Yankees baseball franchise. The plaintiff, Daniel R. McCarthy, owns a three (3) percent interest in this partnership and thus was required to include his pro rata share of the partnership's gains or losses on his individual tax returns.[2] For fiscal years 1973 and 1974, plaintiffs took amortization deductions for legal and accounting fees incurred in acquiring the franchise. The IRS denied these deductions. Plaintiffs paid the deficiencies assessed by the IRS and filed timely claims for refund. *See* 26 U.S.C. § 6511(a).[3] The IRS denied the refund claims and this suit followed. *See* 26 U.S.C. § 6532(a).[4]

The Government argues that the plaintiffs are not entitled to an amortization deduction for Mr. McCarthy's pro rata share of the partnership's attorney and accountant fees which were incurred in acquiring the New York Yankees franchise. This court agrees.

 Legal and accounting fees paid in connection with the acquisition of real or personal property are nondeductible capital expenditures. *Woodward v. Commissioner of Internal Revenue*, 397 U.S. 572, 575, 90 S.Ct. 1302, 1305, 25 L.Ed.2d 577 (1970); *Cagle v. Commissioner of Internal Revenue*, 539 F.2d 409, 415 (5th Cir.1976); *Lanrao, Inc. v. United States*, 422 F.2d 481, 484 (6th Cir.), *cert. denied*, 398 U.S. 928, 90 S.Ct. 1816, 26 L.Ed.2d 89 (1970); *Goodfrey v. Commissioner of Internal Revenue*, 335 F.2d 82, 85 (6th Cir.1964). In *Woodward, supra*, the United States Supreme Court discussed the proper tax treatment for such fees:

> Since the inception of the present federal income tax in 1913, capital expenditures have not been deductible. *See* Internal Revenue Code of 1954, § 263. *Such expenditures are added to the basis of the capital asset with respect to which they are incurred, and are taken into account for tax purposes either through depreciation or by reducing the capital gain (or increasing the loss) when the asset is sold. If an expense is capital, it cannot be deducted as "ordinary and necessary,"* either as a business expense under § 162 of the Code or as an expense of "management, conservation, or maintenance" under § 212.

---

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; ....

2. Mrs. Patricia C. McCarthy is a party to this suit since she filed a joint return with her husband, Daniel R. McCarthy.

3. 26 U.S.C. § 6511(a) provides:
 **(a) Period of limitation on filing claim.** —Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the

later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

4. 26 U.S.C. § 6532(a)(1) provides:
 **(a) Suits by taxpayers for refund.—**
 **(1) General rule.**—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

397 U.S. at 574–75, 90 S.Ct. at 1304–05 (footnote omitted). *See also Benedict Oil Co. v. United States,* 582 F.2d 544, 548 (10th Cir.1978) (legal fees in acquiring asset are capital expenditures which are offset against the gain on the asset's sale); *Lanrao, Inc., supra,* 422 F.2d at 484 (same). Thus, the legal and accounting fees incurred by the partnership in acquiring the franchise are capital expenditures which may not be amortized. Such fees, being capital in nature, must be added to the cost basis of the franchise and can only be used to compute gain or loss upon the subsequent sale of the franchise.

Accordingly, the Government's cross-motion for partial summary judgment is granted and the plaintiffs' cross-motion is denied.

IT IS SO ORDERED.