T.C. Memo. 1999-338


UNITED STATES TAX COURT


MARY K. MOYLAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12613-97.          Filed October 8, 1999.


Mary K. Moylan, pro se.

<u>Robin W. Denick</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $8,984.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issue is whether petitioner is entitled to deduct certain Schedule C expenses.

The facts may be summarized as follows.  Petitioner resided in Baltimore, Maryland, at the time the petition was filed.  In 1994, petitioner was employed by the Board of Education for Prince Georges County, Maryland, as an interpreter for the deaf.  Petitioner also engaged in work as an interpreter for the deaf as an independent contractor in 1994.

During 1994, petitioner was also engaged in the trucking business.  Petitioner purchased a truck tractor in 1993.  During 1994, petitioner hired an independent contractor to drive the tractor.  Petitioner would enter into contracts with shippers to have the tractor used to haul their freight.  Petitioner sold the tractor in 1995.

On Schedule C for 1994 petitioner reported income and claimed deductions for both the interpreting work and the trucking business.  Respondent disallowed certain expenses, and the following items remain in dispute.

---

[1]  Respondent concedes that petitioner is entitled to the following deductions:  $1,600 in depreciation, an insurance expense of $394, and $1,035 in toll charges.  Respondent also concedes that if petitioner's income falls below the threshold amount, petitioner is entitled to an earned income credit.  Petitioner concedes that she is subject to self-employment taxes; she is therefore entitled to a deduction for self-employment taxes.

|                       | Claimed  | Allowed  | Disallowed |
|-----------------------|----------|----------|------------|
| Auto/truck expenses   | $20,546  | $13,560  | $6,986     |
| Insurance expenses    | 3,244    | 394      | 2,850      |
| Legal expenses        | 2,250    | -0-      | 2,250      |
| Office expenses       | 840      | -0-      | 840        |
| Repair expenses       | 6,400    | -0-      | 6,400      |
| Taxes/licenses        | 1,767    | -0-      | 1,767      |
| Utilities             | 1,020    | -0-      | 1,020      |
| Tolls                 | 1,526    | 1,035    | 491        |
| Miscellaneous         | 902      | -0-      | 902        |
| Test expense          | 150      | -0-      | 150        |

Except as discussed infra, petitioner presented no documentary evidence to support the deductions that were disallowed. Petitioner's testimony concerning these items was sparse. Petitioner testified that the truck expenses ($20,546) were for diesel fuel, but she had receipts for only $10,435.65. With respect to the legal expenses, petitioner testified that they were incurred in connection with selling the tractor, the sale of which was completed in 1995. Petitioner could not state what the deduction for taxes was, although from her testimony it appears that at least some part was paid to the Internal Revenue Service. The office expenses and utilities were for an alleged home office; she did not know, however, how the expenses had been allocated between the personal and business use of the residence. Petitioner did not know what the miscellaneous expenses were for. With respect to the repair expenses, petitioner agreed that some of the claimed expenses were for her personal automobile. With regard to the "test" expense, this apparently was an expense for

a drug test for the driver who operated as an independent contractor.

## Discussion

Section 162(a) allows deductions for "ordinary and necessary" expenses paid or incurred during the taxable year in carrying on any trade or business. Deductions are a matter of legislative grace, and taxpayers must prove that they are entitled to the claimed deductions. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Sufficient records to establish deduction amounts must be maintained. See sec. 6001; Willits v. Commissioner, T.C. Memo. 1999-230. A taxpayer's inability to produce records does not relieve the taxpayer of the burden of proof. See Estate of Mason v. Commissioner, 64 T.C. 651, 657-658 (1975), affd. 566 F.2d 2 (6th Cir. 1977).

In the present case, petitioner has failed to produce sufficient documentation to support the claimed deductions. Petitioner introduced into evidence a number of so-called Settlement Sheets (sheets). These sheets were produced by the various companies for which petitioner's driver hauled freight. The sheets contain various information on the trucking runs, e.g., the location of the containers, the distances, pick-up dates, etc. The sheets also note the costs of each run and in some cases the amounts paid out by the company contracting for the runs.

There is, however, no means by which to ascertain from the sheets what expenses claimed by petitioner as deductions were incurred. The sheets do not specify amounts paid by petitioner, and the information is simply too general. Petitioner did not provide any receipts, canceled checks, or any type of documentation that would connect the information provided on the sheets with the claimed deductions. Petitioner provided nothing more than her own curiously vague testimony in an effort to prove the expenses were actually incurred. This Court is not bound to accept the self-serving, unverified testimony of a taxpayer. See Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992).

With respect to the attorney's fees incurred in the sale of the tractor in 1995, even if they were substantiated, they would not be deductible as an ordinary and necessary business expense in 1994. See Of Course, Inc. v. Commissioner, 499 F.2d 754, 756 (4th Cir. 1974), revg. en banc 59 T.C. 146 (1972). Furthermore, with regard to the "test" expense, this was an expense of the driver, who was an independent contractor, and was not petitioner's expense. With respect to other items such as insurance and taxes, clearly petitioner could have obtained some documentation. Rather than obtain evidence to support her claims, petitioner's litigation tactic seems to have been to attempt to blame respondent for her lack of records. But, as far as we can determine, respondent allowed deductions for all expenses that were substantiated.

In sum, petitioner must establish that the deductions claimed are ordinary and necessary expenses and further must substantiate the deductions claimed.  See also <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Petitioner has failed to do so.  Except for respondent's concessions, respondent's determinations are sustained.

<u>Decision will be entered</u>

<u>under Rule 155</u>.