Robert C. STUBBS and Mary Ann Stubbs, husband and wife, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 23810.

United States Court of Appeals, Ninth Circuit.

June 16, 1970.

As Modified on Denial of Rehearing July 16, 1970.

6. This motion was clearly for permissive intervention under F.R.Civ.P. 24(b) and denial was not an abuse of discretion.

G. Eugene Isaak (argued), of Dunseath, Stubbs & Burch, Tucson, Ariz., for plaintiffs-appellants.

Kenneth L. Gross (argued), Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Thomas L. Stapleton, Dept. of Justice, A. Jerry Busby, Tax Division, Washington, D. C., Richard K. Burke, U. S. Atty., Tucson, Ariz., for defendant-appellee.

Before MERRILL and KOELSCH, Circuit Judges, and BYRNE, District Judge *.

MERRILL, Circuit Judge:

The question presented by this appeal is whether appellant taxpayers are entitled to a charitable deduction for property deeded to the City of Tuscon for a public road. A deduction was claimed on taxpayers' 1963 income tax return and was rejected by the Commissioner. The alleged deficiencies were paid and this suit for a refund was brought. Following a jury trial judgment was rendered for the Government denying appellants their refund.

Taxpayers had entered into an agreement to purchase certain property contingent on its rezoning to permit use for a trailer court and shopping center. A plat was prepared for presentation to the Tucson City Planning and Zoning Commission. To assure access to the portion intended for a mobile home development the plat provided for dedication of a strip of the property as a public road. The road would also provide access or frontage for some of the remaining property, for an unrelated public school, church and home for the aged. Following hearings the Zoning Commission recommended approval and rezoning, and transmitted the recommendation to the City Council. Approximately three weeks later taxpayers completed their purchase and made the contemplated transfer to the city. The rezoning ordinance was formally adopted by the City Council some four months later.

The position of the United States throughout these proceedings has been that the purpose of the transfer was to benefit directly the remaining

* Honorable William M. Byrne, Senior United States District Judge for the Central District of California, sitting by designation.

portions of taxpayers' property,[1] and to assist in obtaining the necessary rezoning;[2] that under these circumstances the dedication was not for a charitable purpose under § 170 of the Internal Revenue Code of 1954 (26 U.S.C. § 170), but for anticipated economic gain. The United States relies on this court's decisions in United States v. Transamerica Corp., 392 F.2d 522 (9th Cir. 1968); and DeJong v. Commissioner of Internal Revenue, 309 F.2d 373 (9th Cir. 1962). The District Court accepted this view and the jury was accordingly instructed that if such was the taxpayers' purpose a refund could not be allowed.

Taxpayers contend that purpose does not control in such a case as this and consequently that the instructions were erroneous and prejudicial. They assert that here the dedication was not compelled by law or by such coercive conditions as were present in the *Transamerica* case. In such a case as this, they contend, the dedication was charitable in fact, regardless of motive, and that the purpose of or motive for it is irrelevant. We disagree.

The inquiry into motive and purpose here does more than probe the subjective attitude of the donors and the extent to which public spirited and charitable benevolence prompted their action. The inquiry serves to expose the true nature of the transaction: that, as the jury found, the "gift" (as in *DeJong*)[3] was in expectation of the receipt of certain specific direct economic benefits within the power of the recipient to bestow directly or indirectly, which otherwise might not be forthcoming. Taxpayers apparently wished to assure favorable zoning (otherwise uncertain) by guaranteeing public access to the mobile home development, and to secure public street frontage for some of their property. In both respects their objectives were realized.

Taxpayers complain that in fact the dedication has not increased the value of their property; that the allegedly anticipated economic benefits have failed to materialize, and that the record makes this clear. This, however, is not the test. Taxpayers' subsequent disappointment in the ultimate monetary value of the benefits sought and received cannot affect the situation.

On the basis of DeJong v. Commissioner of Internal Revenue and United States v. Transamerica Corp., *supra,* we conclude that the District Court here did not err in instructing the jury. The evidence concerning taxpayers' motive and purpose prior to the transaction is conflicting,[4] but the jury's verdict finds ample support in the record.

 We find several additional assignments of error to be without merit. It was not error to admit an "Audiograph" sound recording of appellant Robert Stubbs' appearance before the Zoning Commission. The preliminary

1. At the hearing before the Zoning Commissioner taxpayer Robert Stubbs expressed the opinion that such benefit would result, although at trial he presented evidence indicating that he had thought that the dedication would be of no value, or economically harmful to the property.

2. The City of Tucson apparently does not require *public* road access to mobile home developments, but *access* to the interior is required. A private road or roads thus might have been sufficient. There was evidence presented that the City, on many but not all occasions, has required road dedications as conditions precedent to rezoning. The City Planning Director testified at the trial that he could not say whether the plat would have been found acceptable for rezoning in the absence of the public road.

3. Although the facts in *DeJong* revealed somewhat clearer evidence of a "trade off" (a "voluntary" contribution to the church school where appellants' child was enrolled) or *quid pro quo* than those in the instant case, we find the *DeJong* approach equally applicable here. See United States v. Transamerica Corp., 392 F.2d 522, 524 (9th Cir. 1968).

4. See note 1, *supra.* There was also considerable testimony concerning the value of creating two corners by way of a public access road, the "cost" of permanently splitting the property with a public road, and the advantages, if any, offered by a pubic road over a private road.

hearing held by the court out of the presence of the jury satisfied the requirements of Todisco v. United States, 298 F.2d 208, 211 (9th Cir. 1961), cert. denied, 368 U.S. 989, 82 S.Ct. 602, 7 L.Ed. 2d 527 (1962). As *Todisco* indicates, the question of the admissibility of recordings is one of adequate foundation; whether the recording as a whole is trustworthy is largely within the sound discretion of the trial judge. In the present case, the judge was satisfied that the location, approximate date, and principal speakers had been identified, and that the recording as a whole was accurate and sufficiently complete. We find no abuse of discretion in this respect. Appellant misconstrues *Todisco* in assuming it holds a recording inadmissible unless it is identified by the person who actually made it.

Taxpayers challenge the District Court's sustaining of respondent's objections to certain interrogatories. Although there is some question whether the work product privilege was properly applied here, we need not decide that question, since there has been no showing of prejudice.

Finally, taxpayers contend that a motion for summary judgment should have been granted because the United States failed to file controverting affidavits under Rule 56(e), F.R.Civ.P. Taxpayers' reading of Rule 56(e) in this respect is incorrect. As the Supreme Court recently stated:

> " * * * [B]oth the commentary on and background of the 1963 amendment [adding part (e) to Rule 56] conclusively show that it was not intended to modify the burden of the moving party under Rule 56(c) to show initially the absence of a genuine issue concerning any material fact." Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed. 2d 142 (1970).

The existence of genuine issues of fact in this case was beyond question.

Judgment affirmed.