Dave Investment Co., et al. [1] v. Commissioner. Dave Inv. Co. v. Commissioner
Docket Nos. 4904-68 - 4906-68.
United States Tax Court
T.C. Memo 1970-291; 1970 Tax Ct. Memo LEXIS 69; 29 T.C.M. (CCH) 1345; T.C.M. (RIA) 70291; October 13, 1970, Filed Ronald J. Del Guercio, for the petitioners. Loren P. Oakes, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined deficiences in the income taxes of Dave Investment Co., F.M. Investment Co., and Gordy Investment Co. for the taxable years and in the amounts as follows: Docketnumber
Petitioner
Fiscal year endedAugust 31
Deficiency
4904-68
Dave Investment Co
1965
$1,198.36
1966
990.45
4905-68
F.M. Investment
1965
1,063.77
1966
878.60
4906-68
Gordy Investment Co
1965
1,063.77
1966
877.45
*71 The only issue for decision is whether petitioners are entitled to deduct as charitable contributions, amounts paid to their sole shareholder parent, a tax exempt foundation. All of the facts have been stipulated and are found accordingly. Each of the three petitioners is a corporation organized under the laws of the State of California, having its principal office at the time its petition in this case was filed at 3663 West 6th Street, Los Angeles, California. The Federal income tax returns of each petitioner for the years here in issue were filed with the district director of internal revenue, Los Angeles, California. The David X. Marks Foundation (hereinafter referred to as the Foundation) was during the years here in issue and is a corporation organized and existing under the General Non-Profit Corporation Law of the State of California. During its taxable year ended August 31, 1965, F.M. Investment Co. and Gordy Investment Co. each paid to the Foundation the amount of $2,185.74, and Dave Investment Co. paid during its fiscal year 1965 the amount of $2,462.30 to the Foundation. The amounts paid by each petitioner to the Foundation in its fiscal year 1965 did not exceed *72 5 percent of its taxable income for that fiscal year. Each petitioner claimed the amount paid to the Foundation as a charitable deduction on its Federal income tax return for its fiscal year ended August 31, 1965. At a special meeting of the board of directors of each petitioner held August 31, 1965, the payment to the Foundation of 5 percent of the taxable income for the year ended August 31, 1965, of such petitioner as a "charitable contribution" was authorized. At this same special meeting of the board of directors of each petitioner, a cash dividend to its shareholder of record as of August 31, 1965, was authorized. The 1346 authorized dividends payable by each F.M. Investment Co. and Gordy Investment Co. was $2,185.74, and that of Dave Investment Co. was $2,462.30. F.M. Investment Co., Gordy Investment Co., and Dave Investment Co. paid to the Foundation the respective amounts of $1,830.41, $1,828.04, and $2,063.45 during the fiscal year ended August 31, 1966. Each petitioner claimed the amount paid to the Foundation in its fiscal year 1966 as a charitable deduction on its Federal income tax return for that year. The amount paid by each petitioner to the Foundation during *73 its fiscal year 1966 was not in excess of 5 percent of that petitioner's taxable income for that fiscal year. At a special meeting of the board of directors of each petitioner held August 31, 1966, each petitioner was authorized to pay to the Foundation "as a charitable contribution" 5 percent if its taxable income for the year ending August 31, 1966. At this same meeting of the board of directors of each petitioner the payment of a cash dividend to its stockholder of record as of August 31, 1966, was authorized. The authorized dividend payable by Dave Investment Co. was $9,000 and that payable by each F.M. Investment Co. and Gordy Investment Co. was $8,000. During the years here in issue each petitioner was a wholly owned subsidiary of the Foundation. The Foundation was during these years an organization exempt from tax under section 501(c)(3), I.R.C. 1954, [2] charitable contributions to which were deductible under section 170 and had a letter from the Chief, Rulings Section, Exempt Organizations Branch of the Internal Revenue Service containing a ruling to that effect. Respondent in his notice of deficiency to *74 each petitioner disallowed the deduction claimed by that petitioner for each of its fiscal years 1965 and 1966 for a contribution to the Foundation with the explanation that "since you are a wholly owned subsidiary" of the Foundation "payments made to the parent corporation are not deductible under the provisions of the Internal Revenue Code." The instant case is indistinguishable in principle from Crosby Valve & Gage Co., 46 T.C. 641 (1966), affirmed 380 F. 2d 146 (C.A. 1, 1967). Neither party contends that this case is distinguishable from the Crosby Valve & Gage Co. case. Respondent relies on the Crosby Valve case and petitioner contends that it was incorrectly decided. In our view the facts in the instant case show even more strongly than did those in Crosby Valve & Gage Co., supra, that the amounts claimed to have been paid by the subsidiary to the parent as a "charitable contribution" were in fact paid as dividends. In addition to arguing that our decision in Crosby Valve is erroneous, petitioners specifically argue that the Court of Appeals in affirming the case, rejected our holding based on Commissioner v. Duberstein, 363 U.S. 278 (1960), *75 that a charitable contribution by a corporation must be shown to proceed from "detached and disinterested generosity" or "out of affection, admiration, charity or like impulses." ( Crosby Valve & Gage Company v. Commissioner, 380 F. 2d 146 (C.A. 1, 1967). Petitioners also contend that a comparable holding by a district court was rejected by the United States Court of Appeals for the Ninth Circuit in United States v. Transamerica Corporation, 392 F. 2d 522 (C.A. 9, 1968). The taxpayer in Crosby Valve & Gage Co., supra, was wholly owned by a charitable foundation exempt under sections 501(a) and 501(c)(3). Crosby Valve and Gage Company purchased bonds in part financed by a bank and thereafter contributed them to its parent foundation, taking both the deduction for the charitable contribution and for the bond amortization. We held that the control of the parent foundation over its subsidiary, Crosby Valve, was such as to preclude the contribution of the bond equity from being a gift or contribution deductible by the subsidiary under section 170. In so holding, we concluded that Crosby Valve was so controlled by its sole shareholder that it could only carry *76 out that shareholder's will and we further pointed out that in such a situation a contribution to such a shareholder could not meet the standards of a "gift" as set forth in Commissioner v. Duberstein, supra.As an alternate ground, we held in Crosby Valve & Gage Co., supra, that the statutory scheme of sections 511 through 515 relating to the taxation of unrelated business income of exempt organizations supported the disallowance. We pointed out that a charitable organization under those sections is barred 1347 from making contributions to itself but allowed a 5 percent charitable deduction only for contributions to other organizations, and concluded that no reason existed for a different treatment where the foundation operated its unrelated trade or business through a wholly owned subsidiary. The First Circuit in Crosby Valve & Gage Company v. Commissioner, supra, affirmed this Court on the basis of its alternative holding. On the basis of our holding in Crosby Valve & Gage Co., supra, we sustain respondent in this case. Decisions will be entered for respondent. Footnotes
1. The cases of the following petitioners are consolidated herewith: F.M. Investment Co., Docket No. 4905-68, and Gordy Investment Co., Docket No. 4906-68.↩
2. All references are to the Internal Revenue Code of 1954.↩