ACKERMAN BUICK, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ackerman Buick, Inc. v. Commissioner
Docket No. 5132-70
United States Tax Court
T.C. Memo 1973-224; 1973 Tax Ct. Memo LEXIS 64; 32 T.C.M. (CCH) 1061; T.C.M. (RIA) 73224; October 10, 1973, Filed Earle J. Niederluecke, for the petitioner. John B. Turner, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency of $8,538.86 in petitioner's 1967 Federal income tax. The sole issue to be decided [1] is whether petitioner is entitled to deduct the cost ($10,758) of a roadway it dedicated to the City of Ferguson, Missouri, either as a charitable contribution or as a business expense. FINDINGS OF FACT Some of the facts have been stipulated, and are found accordingly. 2 Petitioner, Ackerman Buick, Inc., is a Delaware corporation with its *65 principal place of business in St. Louis, Missouri. Petitioner filed its 1967 Federal income tax return with the district director of internal revenue at St. Louis, Missouri. Petitioner entered into a Buick automobile franchise agreement with General Motors in 1964. It thereafter acquired the assets of Kuhs Buick, Inc., located in the City of St. Louis, and carried on business at that location for approximately 18 months, after which it moved to its present location in the City of Ferguson, Missouri. At the time of entering into the 1964 franchise agreement, General Motors and petitioner understood that petitioner would acquire a new location in northwest St. Louis County, Missouri. Pursuant to this understanding, J. W. Ackerman, petitioner's president, viewed various sites for a possible location of the agency. Ackerman's attention focused on an 8.766 acre tract of land located on Pershall Road in the City of Ferguson. At the time of his initial investigation in 1964, this land was zoned by the City of Ferguson for single family residential use. In order for petitioner to locate its automobile agency there, it had to have the land rezoned to permit commercial use. On *66 April 7, 1964, petitioner entered into an Option Contract with the owner of the 8.766 acre parcel which 3 granted petitioner the right to purchase the land, subject to approval by General Motors, and subject to rezoning of the property to commercial use by the City of Ferguson. The Option Contract provided in part: It is further understood and agreed that this contract is subject to rezoning by City of Ferguson and County of St. Louis, Missouri in order to permit Ackerman Buick, Inc. to make commercial use of the property as an automotive sales and service agency. However, if one of the aforementioned municipalities refuses to consider or grant a petition for rezoning then it shall be sufficient if that municipality will irrevocably bind itself by agreement to accept a rezoning determination by the other. In the event said rezoning is not granted, this contract shall be null and void and total $8000.00 earnest deposit refunded to Ackerman Buick, Inc. All costs in connection with said rezoning shall be paid by Ackerman Buick, Inc. and seller shall not be responsible for any of said costs. On April 13, 1964, petitioner filed a petition for rezoning the property from residential *67 to commercial use with the City of Ferguson, and the matter was referred to the City's Planning Commission. There followed a series of communications and negotiations between petitioner's attorney and various City officials. During these negotiations, representatives of the City indicated they wanted petitioner to dedicate to the City a road across the parcel and to pave it, in order to extend Trask Drive from its existing dead end through to Pershall Road. 4 Petitioner's attorney wrote a letter to the Ferguson Planning Commission, dated June 16, 1964, which stated: In connection with the pending Petition for Rezoning by Ackerman Buick, Inc., please be advised that the corporation represents that it will dedicate to the City of Ferguson a certain tract of land across the subject property as a roadway, and will improve said roadway, in accordance with the specification of the ordinances of the City, across its property and to Pershall Road across other property which may be made available to the City. This representation is made on the expectancy of the corporation that it will be able to develop the property for its commercial purposes after, and in the event of, re-zoning *68 as requested in its petition.
Petitioner's attorney further defined petitioner's position in a letter, dated July 9, 1964, to an official of the City of Ferguson. Therein he stated the following: Because there have been misunderstandings which, although resolved, are never desirable, I deem it advisable to set out the present posture of our development, and our commitment to the City of Ferguson, so that no future doubt can arise as we proceed. * * * [The Option Contract] is contingent on a rezoning of the 8.766 acres as commercial, and thus we can not and will not acquire legal title until and, unless the City Council sees fit to grant our rezoning. At my initial appearance before the Planning Commission, the access problem to Pershall Road was noted, and a meeting ensued at the site, at which I understood that the City would require not only a dedication of a roadway, but we would have to assume the burden of paving across our property. * * * 5 In addition, if the Council is inclined to accept the recommendation of the Planning Commission, that the area west of the roadway not be rezoned commercial, we must consider a road course which will be economically advantageous.
*69 * * * Notwithstanding, this is to reaffirm that, if Ackerman Buick, Inc., acquires the property for development as an automotive sales agency, it is committed to dedicate a road course across its property to continue Trask Drive, to join the private road leading to Pershall Road, and will determine the exact course at the earliest possible time, which I presently hope can be before July 14, 1964. In another letter to the same City official, dated October 6, 1964, petitioner's attorney wrote: The purpose for submitting these alternative courses is to request that the rezoning ordinance be amended, since there have been significant changes in our grading and general plan of development since my letter of July 9, 1964 in which I suggested a different road course. In that letter, I states [sic] the road course was tentative and might be changed as our plans developed. However, this in no way changes our stated representation that we will dedicate a road course over our property as a part of the extension of Trask Avenue to Pershall Road. On February 9, 1965, the City of Ferguson rezoned the property in question from residential to commercial use. In the meantime, General *70 Motors had approved petitioner's plans for the land. Upon exercise of the Option Contract, the property was conveyed to petitioner on February 23, 1965. In 1965 petitioner paved the road. Subsequent to the 6 rezoning and its acquisition of the tract, petitioner, on June 27, 1967, dedicated to the City of Ferguson its part of the roadway designated as the Trask Drive Extension. Upon completion, the City took over full maintenance of the road and it became part of the City's public street system. The cost of the dedicated roadway on June 27, 1967, was $10,758. On its 1967 return petitioner deducted the cost of this dedicated property as a business expense. Respondent disallowed this deduction and determined that the $10,758 was a capital expenditure. ULTIMATE FINDING OF FACT The primary motivation for the dedication of part of petitioner's property to the City of Ferguson was to secure the rezoning of the property. OPINION Petitioner first argues that is is entitled to deduct as a charitable contribution the cost ($10,758) of that portion of Trask Drive that it dedicated to the City of Ferguson. Respondent does not dispute the cost of the dedicated roadway, but *71 counters that the dedication was not a "contribution or gift" within the meaning of section 170(c), [2] because made in the expectation of the receipt of 7 certain direct economic benefits within the power of the City to bestow, which otherwise might not be forthcoming. The cases have consistently held that if a donor seeks to secure a direct economic benefit as a result of dedicating property to a qualified charity, the contribution is not charitable in nature. Stubbs v. United States, 428 F.2d 885 (C.A. 9, 1970), certiorari denied 400 U.S. 1009 (1971); United States v. Transamerica Corp., 392 F.2d 522 (C.A. 9, 1968); DeJong v. Commissioner, 309 F.2d 373 (C.A. 9, 1962), affirming 36 T.C. 896 (1961); Singer Co. v. United States, 449 F.2d 413 (Ct. Cl., 1971); Charles O. Grinslade, 59 T.C. 566 (1973); Larry G. Sutton, 57 T.C. 239 (1971); and Jordon Perlmutter, 45 T.C. 311 (1965). On the other hand, a contribution is charitable in nature if the benefits *72 accruing to the donor are only incidental to the benefits accruing to the public. Citizens & Southern National Bank of S.C. v. United States, 243 F. Supp. 900 (W.D.S.C., 1965); Toole v. Tomlinson, an unreported case ( M.D. Fla., 1963, 11 A.F.T.R. 2d 847, 63-1U.S.T.C. par. 9267); Rev. Rul. 69-90, 1969-1 C.B. 63; and Rev. Rul. 67-446, 1967-2 C.B. 119. Receipt of a desired zoning variance from a city which would or might not be available without making a dedication of land to the city has been held to be a direct economic 8 benefit which would preclude a charitable deduction. Stubbs v. United States, supra; Charles O. Grinslade, supra.
In this case petitioner's attorney testified that his letters to the Planning Commission are an accurate representation of the facts. In his letter of June 16, 1964 to the Ferguson Planning Commission he wrote: In connection with the pending Petition for Rezoning by Ackerman Buick, Inc., please be advised that the corporation represents that it will dedicate to the City of Ferguson a certain tract of land across the subject property as a roadway * * *. In addition, *73 in his letter of July 9, 1964, he wrote of selecting a roadway that would be "economically advantageous" to petitioner. Moreover, in the same letter, petitioner's attorney wrote that petitioner had a "commitment" to the City, i.e., to pave and dedicate Trask Drive Extension in return for the necessary zoning. The substance of the transaction is clear. If, and only if, the City Planning Commissioner would rezone the subject property, petitioner would dedicate a roadway to the City. An "economically advantageous" result was anticipated. We find that petitioner obligated itself to dedicate the roadway to the City in order to facilitate the rezoning of the property on which it hoped to establish its business. Petitioner thereby sought to insure that advantageous zoning would take place with minimum difficulty.Petitioner thus sought and received a quid pro quo for its 9 dedication, and, accordingly, such contribution did not have the requisite charitable nature. Petitioner next argues that if the dedication of the roadway does not constitute a charitable contribution, the cost of the dedicated roadway ($10,758) is deductible as an ordinary and necessary business expense. Respondent *74 again does not dispute the cost allocated to the dedicated roadway, but contends that the cost of the dedicated roadway represents part of the cost of acquiring and rezoning the 8.766-acre tract and is a capital expense, and we agree. We have previously held that the dedication of Trask Road was done in anticipation of acquiring rezoning which was to petitioner a condition precedent to purchasing the land. Zoning costs are "capital expenses, not amortizable because indefinite and undeterminable in the duration of their consequence, and recoverable through addition to the basis of the property rather than through periodic deduction." Arthur T. Galt, 19 T.C. 892, 910 (1953), reversed in part and affirmed in part on other issues, 216 F.2d 41 (C.A. 7, 1954), certiorari denied 348 U.S. 951 (1955). The benefits of the rezoning increased the value of the remaining land. Petitioner has no depreciable interest in the dedicated street which belongs to and is maintained by the City of Ferguson. Algernon Blair, Inc., 29 T.C. 1205, 1221-1222 (1958). Therefore, we hold that the cost of the dedicated 10 roadway is added to the basis of *75 petitioner's remaining land. Decision will be entered for respondent. Footnotes
1. The parties agree that another deduction which was disallowed by respondent is deductible, if at all, in another year. ↩
2. All Code references are to the Internal Revenue Code of 1954, as in effect during the year in issue. ↩