GEORGE PAGE, Transferee, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Page v. Commissioner
Docket Nos. 4706-72, 4707-72, 4708-72.
United States Tax Court
T.C. Memo 1974-15; 1974 Tax Ct. Memo LEXIS 304; 33 T.C.M. (CCH) 64; T.C.M. (RIA) 74015; January 23, 1974, Filed. Steven W. Phillips, for the petitioner.
Stephen B. Zorick, *305 Jr., for the respondent. TIETJENS
MEMORANDUM OPINION
TIETJENS, Judge: Petitioner, George Page, acknowledges his liability as the transferee of the assets of three corporations but contests the following deficiencies determined by the Commissioner: 2 Company
Tax Year
Deficiency Malibu Shore Properties, Inc.
4/1/67-1/26/68
$25,387.72
Crenshaw Building Corporation
4/1/67-2/1 /68
34,498.00
Crenshaw Leasing Corporation
4/1/67-2/1 /68
30,821.00
These consolidated cases were fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The facts which we deem necessary for decision will be referred to below.
Certain concessions have been made, and the only question remaining for decision is whether, in a corporate liquidation pursuant to section 337, [1] real estate brokerage commissions paid in connection with the sale of capital assets may be deducted as ordinary and necessary business expenses under section 162 or may be used only to reduce the selling price of the assets.
Petitioner resided in Los Angeles, California, at the time he filed his petitions in these proceedings.
*306 Malibu Shore Properties, Inc. (hereinafter Malibu), Crenshaw Leasing Corporation (hereafter Leasing), and Crenshaw Building Corporation (hereafter Building) were California corporations with their principal offices in Los Angeles. All three corporations filed their income tax returns on April 1-March 31 fiscal years. Prior to September 15, 1967, petitioner owned all the 3 issued and outstanding capital stock of Malibu, and Malibu owned all the issued and outstanding capital stock of Leasing and of Building.
Pursuant to section 337, the boards of directors of Malibu, Leasing, and Building adopted plans of complete liquidation which became effective September 15, 1967. Between September 15, 1967, and January 26, 1968, each of the corporations sold substantially all of its assets to Mutual Benefit Life Insurance Company of Newark, New Jersey. In making those sales, Malibu, Leasing, and Building incurred selling expenses, consisting of real estate brokerage commissions of $55,920, $75,187, and $76,219, respectively.
Malibu filed its final return for April 1, 1967, to January 26, 1968, on or about May 15, 1968, with the district director for Los Angeles. Malibu deducted its *307 selling expenses of $55,920 as ordinary and necessary expenses and did not offset those selling expenses against the total amount received. Leasing and Building filed final returns for April 1, 1967, to February 1, 1968, on or about May 15, 1968, with the district director for Los Angeles. Building and Leasing also deducted selling expenses of $75,187 and $76,219, respectively, as ordinary and necessary expenses and did not offset those selling expenses against the total amounts received.
The total amounts received by Malibu, Leasing, and Building from the sale of their assets were $1,318,116.70, $1,783,514, 4 and $1,803,367.80, respectively. Total gains, computed as the excess of the gross sales prices over the adjusted bases of assets sold, were reported on final returns as $922,190 by Malibu, $1,361,959 by Leasing, and $1,372,401 by Building. Pursuant to section 337, none of these gains was reported as income.
On or before January 26, 1968, Malibu distributed substantially all of its assets, including all of the issued and outstanding capital stock of Leasing and Building, to petitioner in complete cancellation of all of its shares of capital stock. Malibu terminated its *308 corporate existence on January 20, 1968, by filing a Certificate of Winding Up and Dissolution with the California Secretary of State pursuant to section 5200 of the California Corporations Code.
On or before February 1, 1968, but subsequent to Malibu's distribution of the Leasing and Building stock to petitioner, Leasing and Building distributed substantially all of their assets to petitioner in complete cancellation of all of their shares of capital stock. Both Leasing and Building terminated their corporate existences on February 2, 1968, by filing appropriate certificates with the California Secretary of State.
The Commissioner disallowed the deductions of $55,920, $75,187, and $76,219 selling expenses and timely mailed to petitioner as transferee appropriate notices of deficiency. 5 Petitioner argues that the corporations should be allowed to deduct the real estate brokerage commissions as ordinary and necessary business expenses. He argues that the expenses incurred in selling capital assets in the process of a section 337 liquidation are deductible under section 162. Two Courts of Appeals have held that such expenses are so deductible: the Tenth Circuit, United States v. Mountain States Mixed Feed Co., 365 F.2d 244 (1966), *309 and the Fourth Circuit, Pridemark, Inc. v. Commissioner, 345 F.2d 35 (1965), reversing on this issue 42 T.C. 510 (1964).Four Courts of Appeals have held that such expenses are not deductible under section 162: the Third Circuit, Connery v. United States, 460 F.2d 1130 (1972), the Sixth Circuit, Lanrao, Inc. v. United States, 422 F.2d 481 (1970), certiorari denied 398 U.S. 928 (1970), the Eighth Circuit, United States v. Morton, 387 F.2d 441 (1968), and the Seventh Circuit, Alphaco, Inc. v. Nelson, 385 F.2d 244 (1967). [2]
In Of Course, Inc., 59 T.C. 146 (1972), on appeal (C.A. 4, March 15, 1973), we were required by Jack E. Golsen, 54 T.C. 742 (1970), affirmed 445 F.2d 985 (C.A. 10, 1971), certiorari denied 404 U.S. 940 (1971), and Pridemark, Inc., supra, to allow deduction of legal fees incurred in the sale of assets under a section 337 liquidation. However, in Of Course, Inc., we 6 expressed our view that the expenses of *310 selling capital assets in the process of a section 337 liquidation should not be treated as ordinary and necessary business expenses. In a thorough discussion of the issue, we explained the reasons for our disagreement with the Fourth and Tenth Circuits. That discussion answers most of petitioner's arguments, and reference to it makes unnecessary any repetition of it.
Petitioner argues that, although the Ninth Circuit has not considered the deductibility of selling expenses incurred in a section 337 liquidation, United States v. Transamerica Corporation, 392 F.2d 522 (C.A. 9, 1968), affirming 254 F. Supp. 504 (N.D. Cal. 1966), suggests that the Ninth Circuit would, and under Jack E. Golsen, supra, we should, allow the deduction of the real estate brokerage commissions.
Golsen requires us to follow only a "decision which is squarely in point." 54 T.C. at 757. Transamerica dealt with "expenses incurred by taxpayer Transamerica in carrying out a plan of divestment of banking assets in compliance with the Bank Holding Company Act of 1956, 12 U.S.C. section 1841-1848, and the complementary sections of the Internal *311 Revenue Code, 26 U.S.C. section 1101-1103." 392 F.2d at 523. The Ninth Circuit affirmed a district court's holding that a divestiture was a partial liquidation rather than a reorganization and that, accordingly, the expenses of the distribution were deductible as ordinary and necessary business expenses. 7 Since Transamerica is not "squarely in point," we are not bound to use it in reaching our decision. Moreover, neither the Ninth Circuit nor the district court considered the deductibility of the expenses of selling rather than distributing assets, and neither used any language suggesting that selling expenses incurred in a section 337 liquidation are deductible under section 162. Accordingly, we do not believe that Transamerica indicates in what way the Ninth Circuit would treat the real estate brokerage commissions paid by petitioner's corporations. We also note that, in 6444 Fleet Street Corp. v. United States, an unreported case (28 A.F.T.R. 2d 71-5042 (1971)), the District Court, Central District of California, held that the expenses of selling assets in a section 337 liquidation were not deductible under section 162 *312 and did not consider itself bound to hold otherwise by any Ninth Circuit decision.
We conclude that the real estate brokerage commissions may not be deducted under section 162.
Decisions will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise stated.↩
2. Also see Towanda Textiles, Inc. v. United States, 180 F. Supp. 373↩ (Ct. Cl. 1960).