**Dianne HEATH, Appellant,**

v.

**JOHN MORRELL & COMPANY, Appellee.**

**United Food and Commercial Workers, Union Local 304A.**

No. 84–2652.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1985.

Decided July 17, 1985.

Gary P. Thimsen of Sioux Falls, S.D., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and WOODS,* District Judge.

McMILLIAN, Circuit Judge.

Dianne Heath appeals from a final judgment entered in the District Court for the District of South Dakota granting summary judgment in favor of John Morrell & Co. Appellant alleged race discrimination in violation of 42 U.S.C. § 1981 (1982) and sex discrimination in violation of 42 U.S.C. § 2000e (Title VII). For reversal appellant argues that the district court erred in (1) applying the doctrines of res judicata and collateral estoppel to the facts of her case and (2) granting summary judgment in favor of appellee after ruling that appellant established a prima facie case of race and sex discrimination. For the reasons discussed below, we reverse and remand for further proceedings.

Appellant is a white female who was employed as a laborer by appellee from July 2, 1979, through March 22, 1982. Appellant concedes that in October 1981 she was absent from work for two and one-half days without justification and as a result was suspended for eight and one-half days without pay. Appellant also admits that

she was absent during October, November and December for approximately six days because of illness which she alleges was properly documented and reported to appellee. Following her return to work in December 1981, appellant was placed on indefinite suspension because of these absences by appellee's employment manager Robert Wehrkamp. In January 1982 Local 304A of the United Food and Commercial Workers (the union) and appellee entered into an agreement changing appellant's indefinite suspension to a thirty-day suspension. Wehrkamp in a letter to appellant dated January 7, 1982, stated: "However you are advised that this is your final written warning regarding your problem, which you insist you don't have and for which you refuse professional help, and if the company has any more problems with your attendance or work you are going to be immediately discharged."

In March 1982, while laid off for lack of work, appellant took a vacation in the mountains near Salinas, California. While appellant was on vacation, an opening or vacancy became available for her. Wehrkamp, pursuant to the union contract, on Saturday, March 20, 1982, notified appellant's parents of the opening. On Saturday night appellant called her parents by telephone and learned of Wehrkamp's earlier call and instruction to report back to work. On Sunday, March 21, 1982, appellant called her union representative James Jarmon and informed him that she would be late because she was "snowed in" in the mountains. Jarmon told appellant that he would take care of everything and that he would get word to Wehrkamp of appellant's problem. Appellant arrived in Sioux Falls, South Dakota, on Wednesday, March 24, 1982. On Thursday, March 25, 1982, appellant reported to work at the regular time. Wehrkamp refused to put her to work and told her that she was terminated as a "voluntary quit" for failing to report to work on Monday, March 22, 1982.

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

When Wehrkamp could not be persuaded by appellant and Jarmon to put appellant to work, Jarmon filed a union grievance on behalf of appellant. Appellee denied the grievance.

The relevant portion of the union contract states:

A permanent seniority employee on layoff status, who is rehired must report for work within 48 hours after being notified, excepting that if an employee is away from the local area, when notified such employee must notify the personnel department of the company, promptly, by registered mail or telegraph stating when the employee shall report for work. Such employee shall be allowed 48 hours plus a reasonable time for travel in which to report to work.

Appellant also filed an unemployment compensation claim with the South Dakota Department of Labor, Division of Unemployment Compensation. On April 19, 1982, the Department of Labor denied appellant's unemployment compensation claim. Appellant did not appeal this determination.

Appellant also filed a sex discrimination claim with the federal Equal Employment Opportunity Commission. On June 15, 1983, appellant received a "right to sue" letter from the EEOC. On August 15, 1983, appellant filed a complaint in federal court. The complaint alleged that appellee and the union had discriminated against her on the basis of sex in violation of Title VII and charged unfair representation by the union. The claims against the union were dismissed on April 12, 1984. In November 1984 appellant, with the approval of the district court, amended her complaint to add a claim of race discrimination in violation of 42 U.S.C. § 1981. Appellee filed motions for summary judgment on November 9, 1984, and December 17, 1984. Appellee argued that summary judgment was appropriate because (1) the South Dakota Department of Labor, Unemployment Insurance Division, had "fully and fairly litigated" the basis for appellant's discharge and had "determined that [appellee]

was not guilty of any wrongful or improper motive in terminating [appellant] as a voluntary quit," (2) appellant "failed to make out a prima facie case of sex discrimination," and (3) appellee had "come forward with a legitimate non-discriminatory reason" for the discharge and "reasonable minds could not conclude other than the reasons for such separation were not pretextual or a sham." Appellant in an opposing motion argued that the motion for summary judgment was (1) "frivolous" and not in compliance with the standards of Fed.R. Civ.P. 56(b) and (2) the claims of race and sex discrimination had not been fully and fairly litigated.

In granting appellee's motion for summary judgment, the court stated:

[t]he evidence in this case is undisputed, the fact is undisputed that [appellant] was discharged on or about March 21, 1982, and that she had been previously recalled to work and did not report.... The court will also accept for the purposes of this motion that [appellant] in this case had made a prima facie case on her claims of both sex discrimination and race discrimination.... In this case there has been a determination by the South Dakota Dept. of Labor on April 29, 1982, that [appellant] in this case was properly discharged upon her failure to return to work under a union contract. It is the view of the court that this quasi-judicial determination establishes as a matter of law discharge and therefore that with regard to the Title VII claim [appellee] is entitled to judgment as a matter of law.

With regard to the [§] 1981 claim, it is the view of the court that this determination by the South Dakota Dept. of Labor that she was properly discharged constitutes a matter of res judicata and collateral estoppel to allege now that the reason for her discharge was based on racial discrimination. Therefore [appellee's] motion for summary judgment on the race discrimination claim will also be granted.

*Heath v. John Morrell & Co.*, Civ. 83–4172 (D.S.D. Dec. 18, 1984) (district court's findings from bench on Dec. 17, 1984; transcript of hearing at 14–16). Appellant filed a timely appeal following the district court's granting of summary judgment.

Appellant argues that the district court improperly applied the doctrine of res judicata to this case. Citing *Black Hills Jewelry Manufacturing Co. v. Felco Jewelry Industries, Inc.*, 336 N.W.2d 153 (S.D. 1983), appellant first argues that the doctrine of claim preclusion may be applied only where the "wrong sought to be redressed is the same in both actions." Appellant argues that the South Dakota Department of Labor denied her claim for unemployment compensation benefits but did not determine appellant's sex and race claims because the South Dakota Department of Labor does not have jurisdiction over such claims and consequently the doctrine of claim preclusion does not apply. Appellant also argues that the doctrine of issue preclusion was improperly applied because this doctrine bars relitigation of issues actually litigated or issues which could have been properly raised before a state administrative agency. Appellee argues that although the South Dakota Department of Labor decision might not preclude litigation, it is certainly valid to demonstrate as a matter of law that its decision was not a sham or pretext and therefore it was entitled to judgment.

■ "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata...." *International Harvester Co. v. OSHRC*, 628 F.2d 982, 984 (7th Cir.1980), *citing United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); *see Anthan v. Professional Air Traffic Controllers Organization*, 672 F.2d 706, 709 (8th Cir.1982). An exception to this general rule has been recognized for Title VII claims. "[I]t is clear that unreviewed administrative determinations by state agencies [having jurisdiction over employment discrimination complaints] also should not preclude ... review [in a federal court] even if such a decision were to be afforded preclusive effect in a State's own courts." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 470 n. 7, 102 S.Ct. 1883, 1891 n. 7, 72 L.Ed.2d 262 (1982) (citations omitted); *see also* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4471 (1981).

■ We hold that the district court erred in giving preclusive effect to the decision of the South Dakota Department of Labor for two reasons. First, appellant's claims of racial and sex discrimination were not properly before the South Dakota Department of Labor. The benefit section of the South Dakota Department of Labor Unemployment Insurance Division is authorized to examine a claim for unemployment compensation benefits and to determine whether such claim is valid, the amount of benefits and the period for which benefits will be paid. S.D. Codified Laws Ann. § 61–7–2 (1978). A claim is valid if the applicant meets the requirements for eligibility established by § 61–6–2 and is not disqualified by other sections, *e.g.*, § 61–6–14 (misconduct). The South Dakota Department of Labor has no authority to determine claims of racial and sex discrimination in employment. Second, even if the South Dakota Department of Labor had jurisdiction over employment discrimination complaints, its decision, which was not reviewed by a state court, would not bar litigation in federal courts of the Title VII claims and issues raised by appellant. *Kremer v. Chemical Construction Corp.*, 456 U.S. at 470 n. 7, 102 S.Ct. at 1891 n. 7.

Appellant next argues that the district court erred in granting summary judgment because there were material factual disputes in the case. Specifically, appellant argues that the district court did not permit appellant to present evidence that the reason offered by appellee for her discharge was pretextual. Appellee argues that appellant failed to establish a prima facie

case of either sex or race discrimination. Appellee further argues that summary judgment was properly entered because there were no issues of fact and appellant failed to offer any responsive affidavit but instead chose to rest upon "the mere allegations or denial of her pleadings."

■ Fed.R.Civ.P. 56(e) states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

An exception to this general rule, however, exists where the evidentiary matter in support of the motion for summary judgment does not establish the absence of a genuine issue of fact. Fed.R.Civ.P. 56(e) Advisory Committee Note 1963; *see, e.g., Adickes v. Kress & Co.*, 398 U.S. 144, 161, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142 (1970). Summary judgment must be denied even if no opposing evidentiary matter is presented if a genuine issue of material fact remains. *Adickes v. Kress & Co.*, 398 U.S. at 160, 90 S.Ct. at 1609; *Stubbs v. United States*, 428 F.2d 885, 888 (9th Cir.1970), *cert. denied*, 400 U.S. 1009, 91 S.Ct. 567, 27 L.Ed.2d 621 (1971); *see also* 10A C. Wright, A. Miller & M.K. Kane, Federal Practice and Procedure § 2739 (2d ed. 1983).

■ We hold that the district court erred in granting summary judgment because here a genuine issue of material fact existed. Appellant alleged in her complaint that her discharge was the result of race and sex discrimination and that the reason given by appellee was pretextual. Appellant specifically alleged that five other employees, four males and one black female, with similar work records had not been terminated. Appellee did not in its affidavit in support of its motion for summary judgment or in other materials submitted to the district court deny that these employees

had similar records or that they had been retained by appellee. Appellee relied on the decision of the South Dakota Department of Labor and argued incorrectly to the district court that this decision was determinative of the sex and race discrimination complaint.

Accordingly, the judgment of the district court granting summary judgment in favor of appellee is reversed and the case is remanded for further proceedings consistent with this opinion. We express no opinion on the merits.

FAGG, Circuit Judge, dissenting.

Summary judgment was properly entered in favor of Heath's employer. The employer's supplemental motion for summary judgment was supported by an evidentiary showing that Heath's employment was terminated because of excessive, unexplained absences from work. Instead of countering with specific facts revealing a genuine issue for trial, Heath chose to rest upon the allegations of her amended complaint. At that point summary judgment for the employer was proper. *See Brown v. Trans World Airlines, Inc.*, 746 F.2d 1354, 1358–59 (8th Cir.1984). I would thus affirm the judgment of the district court.