808 F.2d 1307
 42 Fair Empl.Prac.Cas. 163,
62 Fair Empl.Prac.Cas. 3,
42 Empl. Prac. Dec. P 36,921, 36 Ed. Law Rep. 1148
 Milton ABRAMSON, Appellant,
v.
The COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT et al., Appellees.
Milton ABRAMSON, Appellant,
v.
COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT, Appellee.
Milton ABRAMSON, Appellee,
v.
The COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT et al., Appellants.
 Nos. 86-1125, 86-1168.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 14, 1986.
Decided Jan. 26, 1987.
 
 1
 David T. Siegel, Omaha, Neb., for appellant.
 
 
 2
 Becky S. Knutson, Des Moines, Iowa, for appellees.
 
 
 3
 Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and NICHOL, Senior District Judge.*
 
 HENLEY, Senior Circuit Judge
 
 4
 Milton Abramson appeals from the district court's dismissal of his claims filed under both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1983. The district court found that a prior administrative adjudication that appellant was dismissed from his teaching position for cause barred him from relitigating that issue under the doctrine of collateral estoppel/issue preclusion. We affirm in part, reverse in part, and remand.
 
 
 5
 Appellant was hired by the Council Bluffs Community School District as a teacher in November of 1978. On February 2, 1983 appellant filed Charges of Discrimination with the Iowa Civil Rights Commission, the City of Council Bluffs Human Relations Department, and the Equal Employment Opportunity Commission against appellees Council Bluffs Education Association and the School District. Area Education Agency 13 was added as a respondent in the Charges of Discrimination on April 13, 1983. Appellant claimed discrimination on the basis of his religion and retaliatory harassment stemming from a 1981 lawsuit brought by the appellant against the School District which successfully challenged the ordering of involuntary prayer in public schools.
 
 
 6
 Appellant received a letter on March 9, 1983 notifying him that the Superintendent of Schools would recommend to the Board of Education that he be terminated effective June 3, 1983. On April 5, 1983 appellant amended his charge of discrimination to include an allegation that his employment was being terminated on the basis of his religion.
 
 
 7
 Appellant invoked administrative review procedures, Iowa Code Secs. 279.15--279.18, and the Board of Directors of the School District conducted a hearing on May 6, 7, 11 and 18. Appellant was represented by counsel at the hearing and had the opportunity to cross-examine witnesses against him and to produce witnesses on his behalf. The Board of Directors voted unanimously to terminate appellant on June 14, 1983. Appellant appealed the Board's determination to an adjudicator, Iowa Code Sec. 279.17, who upheld the Board's decision. Appellant did not seek further review to the state district courts available under the statutory scheme. Iowa Code Sec. 279.18.
 
 
 8
 Appellant obtained a Letter of Right to Sue from the EEOC on November 7, 1983 and filed his first complaints in the United States District Court. The cases were consolidated by the district court. On September 13, 1984 appellant filed an amended complaint which added numerous individual defendants who had not been included in his Charge of Discrimination filed with the EEOC.
 
 
 9
 In April of 1985 all of the defendants filed motions to dismiss. Those motions were granted because the district court concluded that under the doctrine of issue preclusion the administrative determination that appellant's dismissal was for just cause barred the relitigation of that issue in federal court. See Gear v. City of Des Moines, 514 F.Supp. 1218, 1222 (S.D.Iowa 1981).
 
 
 10
 Subsequent to the district court's dismissal, the United States Supreme Court has resolved the question of the preclusionary effect of an unreviewed administrative proceeding in University of Tennessee v. Elliott, --- U.S. ---, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). Issues in Title VII claims are not subject to preclusion by unreviewed state administrative proceedings. Elliott, 106 S.Ct. at 3225. Appellant did not seek further review in the state courts. Thus, under Elliott he is entitled to trial of his Title VII claim.[1]
 
 
 11
 Unreviewed administrative proceedings may, however, have preclusive effect on claims based on the Reconstruction civil rights statutes including Sec. 1983. With regard to these claims the Supreme Court held
 
 
 12
 that when a state agency "acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate," ... federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts.
 
 
 13
 Elliott, 106 S.Ct. at 3227 (citation omitted).
 
 
 14
 Our decision on the preclusive effect of the administrative factfinding is dictated by Yancy v. McDevitt, 802 F.2d 1025 (8th Cir.1986). In Yancy another panel of this court determined that the Iowa courts would give the school board's decision preclusive effect. Id. at 1030. Accordingly, that portion of the district court's order dismissing Abramson's Sec. 1983 action is affirmed.
 
 
 15
 In partial support of the district court's dismissal, the appellees also raise two jurisdictional grounds. The district court did not address the jurisdictional arguments in its order. First, the various organization appellees contend that the court lacks jurisdiction in a Title VII action over its individual members named in appellant's amended complaint because the individuals were not included in the Charge of Discrimination filed with the EEOC. In certain instances it is unnecessary to name each proposed defendant as a respondent in the EEOC charge. Glus v. G.C. Murphy Co., 629 F.2d 248, 251-52 (3d Cir.1980), vacated and remanded on other grounds, Retail, Wholesale and Department Store Union v. G.C. Murphy Co., 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981). The parties dispute the outcome of the four-part Glus test in determining jurisdiction over the unnamed parties. This court declines to decide the issue on the present record. Whether the Glus exception is satisfied is best left for the district court's determination in the first instance.
 
 
 16
 The second jurisdictional challenge is made by the Council Bluffs Education Association. The Association contends that it is not a labor organization as defined in 42 U.S.C. Sec. 2000e(d). The Association's sole contention in this regard is that it is not "engaged in an industry affecting commerce." Id. Here again, in the absence of some expression from the district court, we decline to decide this mixed question of law and fact on the record now before this court.
 
 
 17
 The judgment of the district court is affirmed in part, reversed in part, and the matter remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Fred J. Nichol, United States Senior District Judge, District of South Dakota, sitting by designation
 
 
 [1]
 Non-preclusion of Title VII claims by unreviewed state agency decisions was the rule in the Eighth Circuit before Elliott. See Heath v. John Morrell & Co., 768 F.2d 245, 248 (8th Cir.1985). A different result may attach when judicial review of the administrative decision has been sought in state court. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 485, 102 S.Ct. 1883, 1899, 72 L.Ed.2d 262 (1982)