**Charles J. PARKER, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 4:93CV00402 ELF.**

United States District Court,
E.D. Missouri,
Eastern Division.

March 14, 1994.

Charles J. Parker, pro se.

Rachel D. Cramer, U.S. Dept. of Justice, Office of Special Litigation, Tax Div., Washington, DC, for the U.S.

### MEMORANDUM AND ORDER

FILIPPINE, Chief Judge.

This matter is before the Court on defendant's motion for summary judgment. Plaintiff has not responded to this motion. This case is set for trial on the nonjury docket of March 21, 1994.

Plaintiff brings this suit pro se seeking a refund of federal taxes. Plaintiff's late wife, Lelia B. Parker, was a federal employee from 1948 until her retirement in 1986. While employed, Lelia Parker contributed a percentage of her salary to the Civil Service Retirement System (CSRS). By 1986 these contributions totaled $31,803.96.

At retirement, Mrs. Parker had various options available to her. She chose to receive the amount of her contributions paid to CSRS in a lump sum and to thereafter collect a lesser annuity. That Lump Sum Credit payment was $32,000.39 (the amount of the contributions plus interest earned on them before 1957). Plaintiff and Mrs. Parker included the full amount of the Lump Sum Credit as income in computing their joint 1987 federal tax liability.

On January 11, 1991, plaintiff filed an amended return for 1987, seeking a refund of $8,982.00. Plaintiff claimed that the lump sum should not have been included as part of his and Mrs. Parker's 1987 gross income. The claim for refund was disallowed and plaintiff filed this suit. For the reasons stated below, the Court shall grant defendant's motion for summary judgment.

■ Summary judgment is appropriate when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). When presented with such a motion, this Court must determine whether there "are any genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary" will not preclude a summary judgment. *Id.* at 248, 106 S.Ct. at 2510. When evaluating a motion for summary judgment, the Court must view the facts in the light most favorable to the party against whom the motion is directed, giving such party the benefit of all reasonable inferences to be drawn from the facts. *Portis v. Folk Constr. Co.,* 694 F.2d 520, 522 (8th Cir.1982). The party opposing the summary judgment motion "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510 (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). Plaintiff has not responded to the motion. If the motion and supporting documentation do not establish that there is not genuine question of material fact, however, the motion must be denied even in the absence of a response. *Heath v. John Morrell & Co.,* 768 F.2d 245, 249 (8th Cir.1985).

At issue is whether the lump sum payment should be taxed as gross income in the year it was received.

Section 72 of the Tax Code (26 U.S.C. § 72) controls the taxation of distributions under annuity contracts. *Shimota v. United States,* 21 Cl.Ct. 510, 520 (1990), *aff'd,* 943 F.2d 1312 (Fed.Cir.1991). Generally, any

amount received as an annuity is included in gross income. 26 U.S.C. § 72(a). Benefits which are received under an annuity contract which are not received as an annuity (such as the Lump Sum Credit payment), and which are received on or after the annuity starting date, are also included in gross income unless there is a statutory exception. 26 U.S.C. § 72(e)(1)–(2). Mrs. Parker's "annuity starting date" was November 1, 1986 (the first day of the first month after the date of her retirement on October 2, 1986). 26 U.S.C. § 72(c)(4). She received the Lump Sum Credit payment in 1987.

Plaintiff has cited no exception to this rule. Defendant, however, assumes that plaintiff is claiming that the Lump Sum Credit payment is not includable in gross income under the exception found in 29 U.S.C. § 72(e)(5)(E). The Court will briefly address this issue.

Under section 72(e)(5)(E), certain contractual payments are exempted from gross income. Defendant concedes that if the Lump Sum Credit payment arose from a contract separate from the contract under which the subsequent reduced annuity payments arose, the Lump Sum Credit payment would fall under the exemption of § 72(e)(5)(E). The question of whether a "separate contract" exists for purposes of § 72(e)(5)(E) falls under 26 U.S.C. § 72(d).

Although this question is one of first impression in this circuit, the Fifth Circuit recently dealt with it. The plaintiff in *Guilzon v. Commissioner of Internal Revenue*, 985 F.2d 819, 821 (5th Cir.1993), argued that his Lump Sum Credit payment arose from a separate contract (as defined by § 72(d)) from his annuity contract because the lump sum was merely a return of funds he had paid to the CSRS. The court noted, however, that only payments made pursuant to a "defined contribution plan", as opposed to a "defined benefit plan", are treated as a separate contract under § 72(d). *Id.* Under § 414(k), a benefit plan is treated as a "defined contribution plan" if it is derived only from employer contributions. *Id.*; 26 U.S.C. § 414(k).

The Fifth Circuit went on to find that the lump sum payment was based on the employee's average salary and years of service as well as employee contributions. *Guilzon*, 985 F.2d at 819; 5 U.S.C. §§ 8339 and 8343a(a). The government also contributed to the fund from which these benefits are paid. 5 U.S.C. § 8334(a).

Since the lump sum payment can not be a "defined contribution plan", it can only be a "defined benefit plan". As such, it does not fall under the special tax treatment afforded by § 72(d) and is subject to § 72(e) for tax purposes. *Guilzon*, 985 F.2d at 819; *Shimota*, 21 Cl.Ct. at 520. The lump sum payment was therefore properly include in Mrs. Parker's gross income for 1987.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant's motion to compel is **DENIED** as moot.